**Alexandria**
KENNETH WAYNE CRUMP
v.
COMMONWEALTH OF VIRGINIA
No. 1446-90-4
Decided November 19, 1991

287

Counsel

Louise Marie DiMatteo (James B. Slaughter; Office of the Public Defender, Fairfax County, on brief), for appellant.

Michael T. Judge, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

Opinion

BRAY, J.—Kenneth Wayne Crump (defendant) was convicted by a jury on an indictment which charged burglary with intent to commit larceny, in violation of Code § 18.2-91 (statutory burglary). The trial court sentenced defendant to two years imprisonment in accordance with the jury's verdict and he appeals from that judgment. He assigns error to the trial court's admission of evidence which he contends implicated him in other criminal activity and the refusal of his proffered lesser included offense jury instruction. We disagree and affirm.

The evidence disclosed that on June 9, 1990, Janice McDaniel (McDaniel) arrived at an apartment, then leased to her, and noticed a window "broken out." She and a friend entered the apartment and discovered the defendant in a bedroom. McDaniel and defendant had been acquainted for approximately eleven years and had resided together in the apartment for several weeks prior

to May 28, 1990, when defendant surrendered "the key" to her and "moved out." To ensure that defendant "would remain out," McDaniel "changed the lock."

Upon finding defendant again on the premises, McDaniel "ran out" of the apartment and reported her situation to Officer Kenneth May (May) of the Fairfax County Police Department. May proceeded to the apartment and, as he approached, "heard a lot of noise from inside . . . what [he] thought was breaking of items and glass items being thrown around." Using McDaniel's key, May entered the apartment, immediately located defendant sitting on a couch, and placed him under arrest. May and McDaniel described the apartment as "in shambles" and "pretty ugly," with lamps, "knickknack[s]" and "everything" broken and scattered about the rooms.

The officer recalled that defendant had "several cuts" and "dried blood" on his hands and arms, was dressed in a shirt "torn several times," "barefooted," "sweating . . . a little bit out of breath" and appeared "tired." His "front pockets" contained $173.30 in cash and coins, including a "large amount of $2 bills." McDaniel testified that approximately $170.00, much of it in $2 bills, was missing from the apartment.

Defendant was transported to a local police station and questioned by May. He told the officer that he had consumed "a fifth of Wild Turkey" earlier that day, was "an alcoholic" and had gone to the apartment to "talk to" McDaniel and resolve any "animosity" between them. He admitted the "break in," the damage to McDaniel's property and the theft of her money but attributed his conduct to anger, rather than any intent to commit larceny.

Defendant neither testified nor offered any evidence in his behalf.

Defendant first complains that the trial court erred in admitting into evidence, over his objection, the written "WARNING AND CONSENT" form which he executed incidental to his statement given to Officer May. The preamble of the document recited that the officer was "investigating the commission of the crime of [b]urglary two counts." Defendant contends that the words "[b]urglary two counts" revealed to the jury that he was also a suspect in another offense.

Before the form itself was received in evidence, Officer May read it to the jury, including the offending words, without objection. Defendant also failed to object when McDaniel remarked in her testimony that she "found out that another place had been broken into" and to the prosecutor's caution to Officer May that he "confine [his testimony] please to the offense for which we are here." He now claims this evidence compounded the prejudicial effect of the exhibit.

■ It is well established that evidence of other crimes of an accused is generally not proper in the trial of an unrelated offense. *Kirkpatrick v. Commonwealth*, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970); *Foster v. Commonwealth*, 6 Va. App. 313, 323-24, 369 S.E.2d 688, 694 (1988); *Sutphin v. Commonwealth*, 1 Va. App. 241, 245, 337 S.E.2d 897, 899 (1985). The purpose of this rule is to prevent confusion of offenses, unfair surprise to the defendant and a suggestion of "criminal propensity," thus preserving the "presumption of innocence." *Lewis v. Commonwealth*, 225 Va. 497, 502, 303 S.E.2d 890, 893 (1983); *Sutphin*, 1 Va. App. at 245-46, 337 S.E.2d at 899.

We have applied this proscription to "other independent acts," *Sutphin*, 1 Va. App. at 245, 337 S.E.2d at 899, "other wrongdoing," *Johnson v. Commonwealth*, 3 Va. App. 444, 448, 350 S.E.2d 673, 674-75 (1986), "other crimes," *Curtis v. Commonwealth*, 3 Va. App. 636, 638, 352 S.E.2d 536, 537 (1987), "other criminal acts," *Henderson v. Commonwealth*, 5 Va. App. 125, 127, 360 S.E.2d 876, 877 (1987), "other offenses," *Foster*, 6 Va. App. at 323, 369 S.E.2d at 694, and "prior . . . bad acts," *Callahan v. Commonwealth*, 8 Va. App. 135, 141, 379 S.E.2d 476, 479 (1989), of an accused.

Assuming, without deciding, that defendant's failure to object during trial to that evidence which he now finds prejudicial did not constitute a waiver of these issues, we find that the testimony and exhibit were not evidence of other crimes or wrongdoing contemplated by our case law. *See* Rule 5A:18; *Harward v. Commonwealth*, 5 Va. App. 468, 473, 364 S.E.2d 511, 513 (1988). The vague references to another crime or investigation did not involve defendant in these matters or confuse the jury and were harmlessly irrelevant.

Defendant next assigns error to the trial court's refusal to grant an instruction on Code § 18.2-121, a misdemeanor, as a lesser included offense of statutory burglary. Code § 18.2-121 provides in pertinent part:

It shall be unlawful for any person to enter the land, dwelling, outhouse or any other building of another for the purpose of damaging such property or any of the contents thereof or in any manner to interfere with the rights of the owner, user or occupant thereof to use such property free from interference.

Defendant argues that his entry to the apartment, though unlawful, was without the coinciding larcenous intent necessary to sustain a conviction of statutory burglary. In support of this theory, defendant points to his recent past relationship with McDaniel and the premises, his condition, conduct and demeanor at the time of the offense and his statement to Officer May. He contends that this evidence was consistent with the misdemeanor, Code § 18.2-121, and required an instruction on that offense.

The trial court, however, concluded that Code § 18.2-121 was not a "lesser included offense" of statutory burglary, Code § 18.2-91, and refused defendant's instruction. We agree.

While evidence of a lesser included offense requires an instruction on that crime, an accused is not entitled to an instruction "on an offense which is not a lesser included offense of the one with which he or she is charged." *Taylor v. Commonwealth*, 11 Va. App. 649, 651, 400 S.E.2d 794, 795 (1991); *see also Barrett v. Commonwealth*, 231 Va. 102, 107, 341 S.E.2d 190, 193 (1986). A lesser included offense must be "composed entirely of elements that are also elements of the greater offense." *Kauffmann v. Commonwealth*, 8 Va. App. 400, 409, 382 S.E.2d 279, 283 (1989); *see also Jones v. Commonwealth*, 218 Va. 757, 759, 240 S.E.2d 658, 660, *cert. denied*, 439 U.S. 892 (1978). The lesser offense is therefore always "charged by implication" as a part of the "greater offense" and "necessarily proven by the proof of the greater offense." *Taylor*, 11 Va. App. at 652, 400 S.E.2d at 795. The elements of the crimes, their "fundamental nature," are determinative, not "the particular facts of a specific case or the language of a given indictment." *Id.*

A violation of Code § 18.2-121 is an offense against the "land, dwelling, outhouse or any other building of another," its "contents" or "use" of "such property free from interference." Code § 18.2-121.

Code § 18.2-91, statutory burglary, for which defendant was indicted and tried, relies upon Code § 18.2-90 to identify its prohibited "acts." Code § 18.2-90 includes offenses against properties not specified in Code § 18.2-121, *i.e.* ships, vessels, river craft. Thus, a violation of Code § 18.2-91 will not invariably and necessarily include a violation of Code § 18.2-121 and the misdemeanor is, consequently, not a lesser included offense of either Code §§ 18.2-90 or 18.2-91.

Under such circumstances, defendant was not entitled to the proffered lesser included offense instruction and the trial court correctly decided the issue.

Accordingly, the judgment of conviction is affirmed.

*Affirmed.*

Duff, J., and Moon, J., concurred.