COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Bumgardner and Frank
Argued at Richmond, Virginia


ISRAEL MUSA SHAW

                                MEMORANDUM OPINION[*] BY

v.    Record No. 0357-98-2         JUDGE ROBERT P. FRANK
                                     JULY 20, 1999

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
James B. Wilkinson, Judge

Matthew P. Geary (Goodwin, Sutton, DuVal &
Geary, on brief), for appellant.

Eugene Murphy, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


Israel Musa Shaw (appellant) appeals his conviction after a jury trial of abduction and using a firearm during the commission of a felony (abduction). On appeal, he challenges the trial judge's denial of his motion for a mistrial and the trial judge's denial of his request for a cautionary instruction. We conclude that the trial court erred and reverse the convictions and remand for a new trial.

I. BACKGROUND

According to well-settled principles of appellate review, we recite the facts in the light most favorable to the Commonwealth, the prevailing party below.

---

* Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

On December 10, 1997, appellant was convicted of abducting Alyssa Meyer and using a firearm during the commission of the abduction.

Meyer drove into the parking lot of her apartment building on September 14, 1997 at 11:00 p.m. She removed some groceries from the trunk of her car and walked towards the apartment building. A man, later identified as Duane Washington, came up behind her. When she turned around, he had a gun to her head. The man demanded her keys, forced her to walk back to her vehicle, made her open the trunk and told her to get inside. She hesitated, and then saw appellant approach. Meyer testified that appellant told her that she "better get in the car." The first man, Washington, took her identification and keys. Then, she struggled as someone attempted to push her into the trunk of her car. She was able to break free and run. As she was running, she was tackled from behind, and, then, was struck in the forehead with the gun. She was able to escape a second time and screamed for help. Someone inside the apartment building came out onto a balcony and yelled at the men. Appellant and Washington ran away.

Officer Kenneth Coleman testified that he received a radio call regarding the abduction and stopped appellant a mile to a mile and one-half from the apartment building because he matched Meyer's description of one of the suspects. Meyer's description to police was that the suspect was wearing a gray shirt with

-

"USA" and a flag on it.  Appellant was wearing such a shirt.
Officer Coleman testified that appellant was out of breath,
breathing heavily, and nervous when he stopped appellant on the
street.  Appellant agreed to return to the scene with Officer
Coleman, and, there, Meyer identified him as one of the men
involved in the abduction.

On direct examination, Duane Washington, a witness for the
Commonwealth, testified that he pled guilty to robbery,
abduction and two counts of use of a firearm during the
commission of a felony.  He stated that the Commonwealth had
made no promises to him in exchange for his testimony.  He
testified that he and appellant were best friends and that
appellant was with his cousin, Lamont, and another friend,
Cartwright, on the night of September 14, 1997.  Appellant and
his cousin had some guns that night, and appellant said he
wanted to rob someone.  Washington gave appellant a mask, and
the four men went to Meyer's apartment building.  They were
there for twenty-five to thirty minutes.  When no one would do
anything, Washington took the mask and ran up behind Meyer.

Washington grabbed Meyer.  Appellant then came out with the
gun and told her to get in the trunk of her car.  Meyer got
scared, and when appellant put the gun down, she ran.
Washington testified that Meyer was never hit with the gun.
Appellant's cousin, Lamont, cut Meyer off as she was trying to

-

run away, and appellant then hit her a couple of times. Washington admitted to hitting her once.

On cross-examination, Washington was asked about two charges against him that had been dropped:

> [DEFENSE COUNSEL]: Didn't you just come in here a couple of hours ago and he [the prosecutor] dropped a couple of charges against you in return for your plea of guilty; do you remember that?

The Commonwealth's attorney then said, before Washington could respond to defense counsel's question and in the presence of the jury, "They were dropped for the defendant [appellant] also, Judge."

Defense counsel moved for a mistrial. The trial judge told defense counsel to move on and overruled the motion.

Washington then testified that the charges had not been dropped, and the following exchange occurred:

> [DEFENSE COUNSEL]: They weren't dropped? So, if he [the prosecutor] just said that they were he is lying now, too?
>
> [TRIAL JUDGE]: He didn't say that, Mr. Geary.

Defense counsel again asked Washington whether the charges were dropped.

> [TRIAL JUDGE]: Wait a minute, Mr. Geary. Let's get the whole fact out. Two charges were dropped against him [Washington] and two charges were dropped against him [appellant], which were identical. Don't play games.

-

Defense counsel again asked Washington about the charges being dropped.

> [WASHINGTON]: Well, it was said, I mean, but I haven't seen any papers. But, he told me that two charges were dropped against me and two charges were dropped against him [appellant] that way both of us have the same charges.

At the conclusion of the evidence, the defense renewed its motion for a mistrial and motion to strike. Both motions were denied. The defense also requested a cautionary instruction regarding the Commonwealth's attorney's statement about the charges against appellant that were dropped, and the Court denied the request.

Appellant was acquitted of robbery and use of a firearm during the commission of a robbery, but he was convicted of abduction and use of a firearm during the commission of an abduction.

## II. ANALYSIS

Appellant's first assignment of error is that the trial court erroneously denied his motions for a mistrial that arose because of the prosecutor's statement in front of the jury regarding the two charges against appellant that were dropped. We agree with appellant.

"A trial court exercises its discretion when it determines whether it should grant a motion for a mistrial. Whether improper evidence is so prejudicial as to require a mistrial is

-

a question of fact to be resolved by the trial court in each particular case." Beavers v. Commonwealth, 245 Va. 268, 280, 427 S.E.2d 411, 420 (1993) (citing Lewis v. Commonwealth, 211 Va. 80, 83, 175 S.E.2d 236, 238 (1970)). Therefore, "[u]nless [the appellate court] can say that the trial court's resolution of that question was wrong as a matter of law, it will not disturb the decision on appeal." Id. (citing Spencer v. Commonwealth, 240 Va. 78, 95, 393 S.E.2d 609, 619 (1990)). However, "[w]hen the evidence is so prejudicial that it 'probably remained on the minds of the jury and influenced their verdict,' . . . the judgment will be reversed on appeal." Id. (citing Asbury v. Commonwealth, 211 Va. 101, 104, 175 S.E.2d 239, 241-42 (1970)).

Evidence of other crimes or bad acts of an accused are generally inadmissible in a criminal prosecution. See Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970). "The purpose of this rule is to prevent confusion of offenses, unfair surprise to the defendant and a suggestion of 'criminal propensity,' thus preserving the 'presumption of innocence.'" Crump v. Commonwealth, 13 Va. App. 286, 289, 411 S.E.2d 238, 240 (1991) (citing Lewis v. Commonwealth, 225 Va. 497, 502, 303 S.E.2d 890, 893 (1983); Sutphin v. Commonwealth, 1 Va. App. 241, 245-46, 337 S.E.2d 897, 899 (1985)).

Courts have recognized exceptions to the general rule excluding evidence of other crimes or bad acts. See Sutphin, 1

-

Va. App. at 245, 337 S.E.2d at 899.  The threshold requirement for admissibility of evidence of other offenses is relevancy to an issue or element in the present case.  See id. (citing Kirkpatrick, 211 Va. at 272, 176 S.E.2d at 805).  "[T]he test is whether 'the legitimate probative value outweighs the incidental prejudice to the accused.'"  Hawks v. Commonwealth, 228 Va. 244, 247, 321 S.E.2d 650, 652 (1984) (quoting Lewis, 225 Va. at 502, 303 S.E.2d at 893).  We have held that evidence of other crimes is admissible

> (1) to prove motive to commit the crime charged; (2) to establish guilty knowledge or to negate good faith; (3) to negate the possibility of mistake or accident;(4) to show the conduct and feeling of the accused toward his victim, or to establish their prior relations; (5) to prove opportunity; (6) to prove identity of the accused as the one who committed the crime where the prior criminal acts are so distinctive as to indicate a modus operandi; or (7) to demonstrate a common scheme or plan where the other crime or crimes constitute a part of a general scheme of which the crime charged is a part.

Sutphin, 1 Va. App. at 245-46, 337 S.E.2d at 899.

The prosecutor's statement does not come within any of the exceptions to the general rule recognized by this Court.  The statement was not relevant to proving an element or issue in the present case, and it was prejudicial in that it informed the jury that appellant originally was charged with additional offenses related to the incident for which he was being tried. Further, the statement created an association of guilt between

-

appellant and Washington. Washington admitted that he pled guilty to the offenses for which appellant was being tried, but after the prosecutor's statement, the jury received the additional information that appellant and Washington were treated in the same manner by the Commonwealth in that both were charged with identical offenses and both had identical charges dropped. Such information may have created an association of guilt in the minds of the jurors.

We hold, therefore, that the trial court committed error in refusing to grant appellant's motion for a mistrial because the prosecutor's statement was not relevant and was prejudicial to appellant's defense.

The Commonwealth argues that any error committed by the trial court in overruling the motion for a mistrial was harmless and did not result in prejudice to the appellant. We disagree. "When it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached," non-constitutional error is harmless. Code § 8.01-678. If error at trial has affected the verdict, then "a fair trial on the merits and substantial justice" have not been reached. See Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc). "An error does not affect a verdict if a reviewing court can conclude, without usurping the jury's fact finding function, that, had the error not occurred, the

-

verdict would have been the same." Id. In Lavinder, we explained that "in order to determine if it plainly appears that the error did not affect the verdict, we must review the record and the evidence and evaluate the effect the error may have had on how the finder of fact resolved the contested issues." Id. at 1007, 407 S.E.2d at 912. The first step in determining whether an error may have affected a verdict is to determine whether the trial court gave a curative instruction. See id. If the trial court did give a curative instruction, the jury is presumed to have followed such instruction unless the record indicates otherwise. See id. If a curative instruction was not given, the presumption is that the error was prejudicial "'unless it plainly appears that it could not have affected the result.'" Id. (quoting Caldwell v. Commonwealth, 221 Va. 291, 296, 269 S.E.2d 811, 814 (1980)).

At trial, the court did not give a curative instruction. Thus, we begin with the presumption that the prosecutor's statement was prejudicial. We cannot say, as a matter of law, that the prosecutor's statement did not affect the outcome of appellant's trial. As we discussed above, the prosecutor's statement provided the jury with information about other offenses committed by appellant and may have created an association of guilt between appellant and Washington. Therefore, we hold that the denial of the motion for a mistrial was not harmless error.

-

The Commonwealth further argues that appellant waived any objection to the prosecutor's statement because Washington later testified during cross-examination that the two charges were dropped against appellant. The Commonwealth correctly cites Saunders v. Commonwealth, 211 Va. 399, 401, 177 S.E.2d 637, 638 (1970), for the rule that an accused, who unsuccessfully objects to evidence he considers improper, waives the objection if he introduces evidence of the same character on his own behalf. However, the rule from Saunders must be understood in conjunction with this Court's holding in McGill v. Commonwealth, 10 Va. App. 237, 391 S.E.2d 597 (1990). In McGill, we held that the defendant's attempt to rebut evidence of other crimes did not constitute waiver of his objection to such evidence. See id. at 244, 391 S.E.2d at 601. This Court distinguished evidence elicited on cross-examination and during rebuttal from evidence actually introduced on a defendant's own behalf. See id. Therefore, the Saunders rule does not apply to cross-examination.

Washington's answers were in response to questions during the defense's cross-examination, and, therefore, appellant did not waive his objection to the prosecutor's statement.

Appellant's second assignment of error is the trial judge's refusal to grant a cautionary instruction regarding the prosecutor's statement about the dropped charges against appellant. We find this assignment without merit.

-

A motion for a mistrial or a cautionary instruction must be timely made in order to preserve the issue for appeal even if an objection to the prosecutor's alleged improper comments was properly made and overruled.  See Cheng v. Commonwealth, 240 Va. 26, 38, 393 S.E.2d 599, 605-06 (1990).  "This requirement affords the trial court the opportunity to provide cautionary instructions when appropriate to correct the alleged error." Beavers, 245 Va. at 279, 427 S.E.2d at 419.

Appellant did not request a cautionary instruction at the time the prosecutor interjected with the statement regarding the dropped charges.  Instead, appellant waited to request the instruction at the conclusion of all the evidence, and the trial court did not have the opportunity to instruct the jury at the time the error occurred.  We find that appellant's request for an instruction was not timely made, and, therefore, the trial judge's denial of the instruction at the conclusion of the evidence was not error.

### III.  CONCLUSION

For these reasons, we hold that the trial court committed error when it refused to grant appellant's motion for a mistrial.  The prosecutor's statement was prejudicial in that it introduced information about other offenses committed by the appellant which were not relevant to proving the offenses for which appellant was being tried.  The trial court, however, did not commit error in refusing appellant's request for a

-

cautionary instruction at the conclusion of all of the evidence as such request was not timely made.

<u>Reversed and remanded.</u>