COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Willis and Elder
Argued at Salem, Virginia


KERRY LEECOYA LOWE
                                          OPINION BY
v.    Record No. 0080-00-3           JUDGE LARRY G. ELDER
                                        OCTOBER 17, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF HENRY COUNTY
                    David V. Williams, Judge

        Joseph R. Winston (Elwood Earl Sanders, Jr.,
        Appellate Defender; Public Defender
        Commission, on brief), for appellant.

        Richard B. Smith, Senior Assistant Attorney
        General (Mark L. Earley, Attorney General,
        on brief), for appellee.


    Kerry Leecoya Lowe (appellant) appeals from his bench trial

convictions for malicious wounding in violation of Code

§ 18.2-51 and trespass in violation of Code § 18.2-119.[1]  On

---

    [1] Although the circuit court's original sentencing order
contained various inconsistencies regarding the offenses for
which appellant was convicted, we granted the Commonwealth's
motion to allow the trial court to review that order and correct
any clerical errors contained therein pursuant to Code
§ 8.01-428(B).  The court entered a nunc pro tunc order stating
that it convicted appellant of malicious wounding in violation
of Code § 18.2-51 and trespass in violation of Code § 18.2-119.
The record fully supports the court's entry of the nunc pro tunc
order; therefore, we consider the merits of the appeal based on
the final order entered nunc pro tunc.  See Davis v. Mullins,
251 Va. 141, 149, 466 S.E.2d 90, 94 (1996) (discussing court's
authority under Code § 8.01-428(B) to correct the record to
"speak the truth" by "placing upon the record evidence of
judicial action which has actually been taken . . . at the
proper time," action which does not require reacquisition of

appeal, he contends (1) his first conviction was for unlawful rather than malicious wounding, as per the trial court's sentencing order, and, therefore, that the sentence imposed exceeded the statutory range; and (2) his conviction for trespass was invalid because it was not lesser included in the charged offense of statutory burglary while armed with a deadly weapon.  In light of the trial court's nunc pro tunc order clarifying the nature of appellant's convictions, we affirm the sentence imposed for malicious wounding as within the statutory

---

jurisdiction); Dorn v. Dorn, 222 Va. 288, 291, 279 S.E.2d 393, 394-95 (1981) (noting that entry of a nunc pro tunc order to correct a true clerical error does not violate Rule 1:1).

In entering the nunc pro tunc order, the circuit court found that the designation of the offense in the final order as unlawful wounding, rather than malicious wounding, was a clerical error.  That finding is supported by the record.  Accordingly, the trial court correctly ruled that correction of the clerical error was a ministerial act which could be accomplished by entry of an order nunc pro tunc without violating the twenty-one day time limitation of Rule 1:1.  Furthermore, the trial court did not abuse its discretion by dispensing with Rule 1:13's requirement of notice to or endorsement by counsel, nor did entry of the nunc pro tunc order without notice and a prior opportunity to be heard violate appellant's due process rights.  Rule 1:13 specifically provides "[c]ompliance with this rule . . . may be modified or dispensed with by the court in its discretion."  Here, no notice or hearing was necessary because the court did not reacquire jurisdiction and lacked authority to reconsider or alter its previous ruling.  See Davis, 251 Va. at 149, 466 S.E.2d at 94.  The trial court was empowered only to correct possible clerical errors in the sentencing order to the extent such corrections were supported by the existing record.  See id.  Further, appellant had the opportunity to contest the lack of notice in a timely fashion after entry of the nunc pro tunc order, but he did not do so.  Under these circumstances, we hold the trial court's decision to dispense with endorsements under Rule 1:13 was not an abuse of discretion.

range, and we reverse and dismiss the trespass conviction because trespass under Code § 18.2-119 is not a lesser included offense of statutory burglary under Code § 18.2-91.

I.

BACKGROUND

Appellant originally was charged with malicious wounding in violation of Code § 18.2-51 and statutory burglary while armed with a deadly weapon in violation of Code § 18.2-91.[2]  After hearing the evidence and argument of counsel, the circuit court (trial court) held as follows:

> I am going to reduce the breaking and
> entering while armed with a deadly weapon to
> trespassing.  I find the defendant guilty of
> trespassing . . . .  And I think under the
> facts of this case, the malicious wounding
> has been proven, as well.  So I find the
> defendant guilty of malicious wounding.

At the sentencing hearing on November 3, 1999, the trial court reiterated that it had found appellant guilty of malicious wounding and trespassing.  It sentenced him as follows:

> [H]aving found you guilty of the offense of
> trespass, I sentence you to twelve months in
> jail . . . suspended on condition that you
> be on probation supervision for a period of
> four years, upon your release from
> confinement.  On the charge of malicious
> wounding, I sentence you to ten years in
> prison.  I will require you to serve five
> years.  The balance of the five years will
> be suspended [on various conditions] . . . .

---

[2] Appellant also was charged with assault and battery and was found guilty.  On appeal, he does not challenge the assault and battery conviction.

The trial court's original sentencing order, coupled with its nunc pro tunc order, confirmed appellant was convicted for (1) malicious wounding in violation of Code § 18.2-51 and sentenced to serve ten years with five years suspended; and (2) trespass in violation of Code § 18.2-119 and sentenced to twelve months, all suspended on condition of four years supervised probation.

Appellant registered no objection in the trial court to his conviction for trespass under an indictment for statutory burglary while armed with a deadly weapon.

II.

ANALYSIS

A.

UNLAWFUL VERSUS MALICIOUS WOUNDING

Appellant contends on appeal that he was convicted for unlawful wounding and that the sentence imposed in the original sentencing order exceeds the sentence permitted for unlawful wounding.  However, based on the trial court's nunc pro tunc order, see discussion supra note 1, the sentencing order now reflects that appellant was convicted for malicious wounding, and the sentence imposed in that order is within the range authorized by statute.  See Code §§ 18.2-10, 18.2-51. Therefore, assuming without deciding that Rule 5A:18 does not bar our consideration of this issue, the error of which

appellant complained has ceased to exist, and we affirm the

sentence imposed for appellant's malicious wounding conviction.

B.

TRESPASS CONVICTION

Appellant contends trespass in violation of Code § 18.2-119

is not a lesser included offense of statutory burglary while

armed with a deadly weapon and that this conviction, therefore,

is invalid.[3]  The Commonwealth contends that Rule 5A:18 bars

appellant from raising this issue on appeal because he made no

contemporaneous objection in the trial court to conviction for

trespass.  We previously have concluded, however, that

> [t]he fact that the defendant did not object
> to . . . the conviction on the ground that
> he was convicted for an offense with which
> he was not charged is of no moment.  Unless
> an indictment is amended to conform to the
> proof or an accused acquiesces in being
> found guilty of an offense other than the
> one charged, a trial court lacks the
> authority to find an accused guilty of an
> offense other than the one charged or a
> lesser included offense. . . .  The lack of
> authority of the trial court to render the

---

[3] The record contained a clerical error in the trial court's
citation to the statute under which appellant was convicted for
trespass.  The trial court did not make clear at trial or
sentencing whether it convicted appellant of common law or
statutory trespass and, if statutory trespass, under which code
section the conviction was rendered.  The parties agreed that
Code § 18.2-152, cited by the trial court in the original
sentencing order, had no relationship to the evidence adduced at
trial.  As set out above, see discussion supra note 1, the trial
court's nunc pro tunc order indicates that it convicted
appellant of trespass in violation of Code § 18.2-119.  We
therefore analyze appellant's second assignment of error in
light of this correction.

judgment that it did may be raised at any
time and by this Court on its own motion.

Fontaine v. Commonwealth, 25 Va. App. 156, 165, 487 S.E.2d 241, 244 (1997) (citations omitted).  Acquiescence requires something more than a mere failure to object.  See id. (holding that failing to object, coupled with statement to judge clarifying that conviction was for misdemeanor rather than felony, did not constitute acquiescence).  We proceed, therefore, to examine the merits of this assignment of error.

The court's authority to convict appellant for trespass under Code § 18.2-119 is contingent upon whether that offense is lesser included in the offense for which appellant was charged, statutory burglary while armed with a deadly weapon in violation of Code § 18.2-91.  See Harrell v. Commonwealth, 11 Va. App. 1, 6, 396 S.E.2d 680, 682 (1990).  "The state may not accuse a person of one crime and convict him by proving another unless the offense is a lesser included one of that charged."  Id.  "A lesser included offense is an offense which is composed entirely of elements that are also elements of the greater offense."  Kauffman v. Commonwealth, 8 Va. App. 400, 409, 382 S.E.2d 279, 283 (1989).  "The lesser [included] offense is therefore always 'charged by implication' as part of the 'greater offense' and 'necessarily proven by the proof of the greater offense.'"  Crump v. Commonwealth, 13 Va. App. 286, 290, 411 S.E.2d 238, 241 (1991) (quoting Taylor v. Commonwealth, 11 Va. App. 649, 652,

400 S.E.2d 794, 795 (1991)).  "An offense is not a lesser included offense of another if each offense contains an element that the other does not."  Walker v. Commonwealth, 14 Va. App. 203, 206, 415 S.E.2d 446, 448 (1992).  "The determination of what offenses are necessarily included lesser offenses of the crime charged is based on the fundamental nature of the offenses involved, not on the particular facts of a specific case . . . ."  Taylor, 11 Va. App. at 652, 400 S.E.2d at 795.

We take guidance from our decision in Crump, in which we held that trespass under Code § 18.2-121 is not a lesser included offense of statutory burglary under Code § 18.2-91. See 13 Va. App. at 290-91, 411 S.E.2d at 240-41.

> A violation of Code § 18.2-121 is an offense against the "land, dwelling, outhouse or any other building of another," its "contents" or "use" of "such property free from interference."
> Code § 18.2-91, statutory burglary, . . . relies upon Code § 18.2-90 to identify its prohibited "acts."  Code § 18.2-90 includes offenses against properties not specified in Code § 18.2-121, i.e. ships, vessels, river craft.  Thus, a violation of Code § 18.2-91 will not invariably and necessarily include a violation of Code § 18.2-121[,] and the misdemeanor is, consequently, not a lesser included offense of either Code §§ 18.2-90 or 18.2-91.

Id. at 291, 411 S.E.2d at 241 (citation omitted).[4]

---

[4] Although the legislature has amended Code §§ 18.2-90 and 18.2-91 on multiple occasions since our decision in Crump, those amendments did not alter the language we analyzed in Crump.  See 1997 Va. Acts ch. 832; 1996 Va. Acts ch. 1040; 1992 Va. Acts chs. 486, 546; 1991 Va. Acts ch. 710.

Although Code §§ 18.2-119[5] and 18.2-121 are not identical, they involve similar types of property such that trespass in violation of Code § 18.2-119 also is not a lesser included offense of statutory burglary under Code § 18.2-91. Code § 18.2-119 is an offense against "the lands, buildings or premises of another," whereas Code § 18.2-91, by incorporating Code § 18.2-90, "includes offenses against properties not specified in Code § [18.2-119], i.e. ships, vessels, river craft." Crump, 13 Va. App. at 291, 411 S.E.2d at 241. Although Code § 18.2-119 includes trespass to the "premises of another,"

---

[5] Code § 18.2-119 provides as follows:

> If any person without authority of law goes upon or remains upon the lands, buildings or premises of another, or any portion or area thereof, after having been forbidden to do so, either orally or in writing, by the owner, lessee, custodian or other person lawfully in charge thereof, or after having been forbidden to do so by a sign or signs posted by such persons or by the holder of any easement or other right-of-way authorized by the instrument creating such interest to post such signs on such lands, structures, premises or portion or area thereof at a place or places where it or they may be reasonably seen, or if any person, whether he is the owner, tenant or otherwise entitled to the use of such land, building or premises, goes upon, or remains upon such land, building or premises after having been prohibited from doing so by a court of competent jurisdiction by an order issued pursuant to [any of several enumerated statutes], and after having been served with such an order, he shall be guilty of a Class 1 misdemeanor.

the term "premises" is not broad enough to encompass the water craft mentioned in Code § 18.2-90.  Rather, the term "premises" relates to "[l]and and its appurtenances," such as "[t]he area of land surrounding a house . . . , a room, shop, building, or other definite area, or a distinct portion of real estate."  Black's Law Dictionary 1062-63 (5th ed. 1979) (emphasis added), cited with approval in Beach Robo, Inc. v. Crown Cent. Petroleum Corp., 236 Va. 131, 134, 372 S.E.2d 144, 146 (1988).  "Thus, a violation of Code § 18.2-91 will not invariably and necessarily include a violation of Code § [18.2-119,] and the misdemeanor is, consequently, not a lesser included offense of . . . [Code § 18.2-91]."  Crump, 13 Va. App. at 291, 411 S.E.2d at 241.

Further, Code § 18.2-119 contains at least one element which Code § 18.2-91 does not, either directly or by reference to any other Code section.  Code § 18.2-119 requires proof that the accused "goes upon or remains upon the lands, buildings or premises of another . . . after having been forbidden to do so" by any of several different means, including orally, by posting or other writing, or by order of court.  (Emphasis added).  For this reason also, Code § 18.2-119 is not a lesser included offense of Code § 18.2-91, and the Commonwealth, by charging a violation of Code § 18.2-91, did not also charge a violation of Code § 18.2-119.

For these reasons, we affirm the sentence imposed for appellant's malicious wounding conviction but reverse and

dismiss his trespass conviction based on our holding that trespass under Code § 18.2-119 is not a lesser included offense of statutory burglary under Code § 18.2-91, the offense with which appellant was charged.

Affirmed in part,
and reversed and
dismissed in part.