COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Elder and Annunziata
Argued at Richmond, Virginia


BRANDON LEE SHIFFLETT

                                        MEMORANDUM OPINION* BY
v.   Record No. 2702-99-2              JUDGE LARRY G. ELDER
                                        DECEMBER 28, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                   Paul M. Peatross, Jr., Judge

         Llezelle A. Dugger, Assistant Public Defender
         (Office of the Public Defender, on brief),
         for appellant.

         Thomas D. Bagwell, Senior Assistant Attorney
         General (Mark L. Earley, Attorney General, on
         brief), for appellee.


     Brandon Lee Shifflett (appellant), indicted for attempted

statutory burglary with intent to commit assault and battery in

violation of Code §§ 18.2-26 and 18.2-91, appeals from his

conviction for trespass in violation of Code § 18.2-119.  On

appeal, he contends the evidence was insufficient to support the

trespass conviction.  The resolution of this case is governed by

our recent decision in Lowe v. Commonwealth, 33 Va. App. 583,

592, 535 S.E.2d 689, 693 (2000), in which we held that trespass

in violation of Code § 18.2-119 is not a lesser-included offense

of Code § 18.2-91 and that a trial court lacks the authority to

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

convict for trespass under an indictment charging breaking and entering even if the accused fails to object.  Thus, we reverse and dismiss appellant's trespass conviction.

"'The lack of authority of the trial court to render the judgment that it did may be raised at any time by this Court on its own motion.'"  Lowe, 33 Va. App. at 589, 535 S.E.2d at 692 (quoting Fontaine v. Commonwealth, 25 Va. App. 156, 165, 487 S.E.2d 241, 244 (1997) (noting such lack of authority is an absence of jurisdiction)).

> "The fact that the defendant did not object to . . . the conviction on the ground that he was convicted for an offense with which he was not charged is of no moment.  Unless an indictment is amended to conform to the proof or an accused acquiesces in being found guilty of an offense other than the one charged, a trial court lacks the authority to find an accused guilty of an offense other than the one charged or a lesser included offense."

Id. at 589, 535 S.E.2d at 691-92 (quoting Fontaine, 25 Va. App. at 165, 487 S.E.2d at 244).  Further, "[a]cquiescence requires something more than a mere failure to object."  Id. at 589, 535 S.E.2d at 692.  Where a defendant is convicted of the charged felony and "implore[s]" the court to set aside the felony conviction and find him guilty instead of a misdemeanor not lesser-included in the charged felony, the defendant may not be heard to object.  Manns v. Commonwealth, 13 Va. App. 677, 679, 414 S.E.2d 613, 614-15 (1992).  Such an action constitutes, in essence, the defendant's request to the trial court to amend the

-

indictment, thereby permitting conviction for the unrelated misdemeanor. However, a mere statement to the judge seeking to clarify that one's ultimate conviction was for a misdemeanor rather than the felony for which he was indicted does not constitute acquiescence. See Fontaine, 25 Va. App. at 165, 487 S.E.2d at 244.

Here, appellant's counsel argued the evidence was insufficient to prove either an attempt to break and enter or an intent to commit an assault and battery. The trial court then asked counsel whether it could convict appellant of trespassing, and counsel argued the evidence was insufficient to prove the elements of that offense. No discussion occurred regarding whether trespass in violation of Code § 18.2-119 was a lesser-included offense of attempted breaking and entering in violation of Code § 18.2-91, and thus, appellant did not acquiesce in being convicted for trespass.

The trial court lacked the authority to convict appellant of trespass, see Lowe, 33 Va. App. at 592, 535 S.E.2d at 693, and we reverse and dismiss appellant's conviction.

Reversed and dismissed.

-