COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Bray and Annunziata
Argued at Richmond, Virginia


ALBERT CLAYTON WHITE
                                                  OPINION BY
v.    Record No. 2606-01-1       JUDGE ROSEMARIE ANNUNZIATA
                                                  JUNE 11, 2002
JACQUELYN THERESA WHITE


              FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                          Bruce H. Kushner, Judge

            Halbert T. Dail for appellant.

            Tommy C. Smith, III, for appellee.


        The parties were divorced by final decree entered on

February 14, 2000.  Thereafter, upon motion by Jacquelyn White

(wife), the trial court amended its decree, nunc pro tunc, to

correct an inconsistency regarding spousal support.  It is from

this amendment that Albert White (husband) appeals.  For the

reasons that follow, we affirm the decision of the trial court.

                             Background

        The trial court assigned the issue of spousal support to a

commissioner in chancery, who recommended that husband pay

spousal support of $1,300 per month.  The commissioner's report

does not address the duration of spousal support.

        The original divorce decree provided, in pertinent part:

              It is further ORDERED that the defendant
              husband pay unto the complainant wife the
              periodic sum of $1,300.00 monthly . . .

beginning on the first day of the month after entry of this decree, and continuing thereafter until the death or [sic] either party or the [wife]'s remarriage, whichever of said terminating contingencies shall first occur.

\* \* \* \* \* \* \*

It is further ORDERED that the following information is hereby made a part of this decree pursuant to the requirements of Section 20-60.3 . . .

\* \* \* \* \* \* \*

6. The spousal support payments which the [husband] is ordered to pay to the [wife] are $1,300.00 per month, commencing on the first day of the month after entry of this decree . . . and continuing thereafter until the death of either party or the [husband]'s remarriage, whichever of said terminating contingencies shall first occur.

\* \* \* \* \* \* \*

10. The [wife] shall be due spousal support payments in the amount of $1,300.00 per month . . . commencing on the first day of the month after entry of this decree . . . and continuing thereafter until the death of either party or the [wife]'s remarriage, whichever of said terminating contingencies shall first occur.

(Emphasis added.)

Husband remarried on April 24, 2000 and ceased making spousal support payments. On or about May 10, 2001, wife filed a notice with the clerk of the circuit court requesting the court to correct a clerical or typographical error in the notice provisions of the final decree of divorce. A hearing was held on June 20, 2001 with all parties and counsel present. On

- 2 -

August 28, 2001, the trial court entered, nunc pro tunc, an amended final decree of divorce correcting paragraph no. 6 such that support would continue until "the death of either party or the [wife]'s remarriage," consistent with the remainder of the decree.  (Emphasis added.)

## Analysis

Husband contends the trial court lacked authority to alter the decree pursuant to Code § 8.01-428 because neither a clerical error nor an oversight was at issue.  He also contends that the trial court's amendment should be reversed because he detrimentally relied upon the plain language of the decree[1] and because it violated due process and deprived him of his property, ex post facto, after he had waived his right to appeal.  We disagree with each of these contentions.

Code § 8.01-428 authorizes a trial court to correct "[c]lerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission . . . ."  "[W]hen the record clearly supports such corrections," we will uphold a trial court's nunc pro tunc amendment to its decree.  Cutshaw v. Cutshaw, 220 Va. 638, 641, 261 S.E.2d 52, 53 (1979).

---

[1] Husband claims that he would not have remarried but for the fact that he believed his support obligation to wife would cease upon his remarriage.

- 3 -

In this case, the trial court found that the language at issue in paragraph no. 6, entered for purposes of notice pursuant to Code § 20-60.3,[2] was a scrivener's error because it contradicted the commissioner's report, as well as two other sections of the Final Decree. Because the record supports this finding, we will not disturb it on appeal.

In Cass v. Lassiter, we upheld the trial court's correction of an error, noting:

> It is apparent from the irreconcilable inconsistencies between the support provisions in the agreement and the decree that a drafting error occurred in preparing one or the other. . . . In the absence of any explanation as to why the parties and court might have intended to include inconsistent provisions or how both could be enforceable, the trial court had clear and convincing evidence to support its finding of a clerical error justifying correction.

2 Va. App. 273, 278, 343 S.E.2d 470, 473 (1986). Similarly, the decree in this case contains irreconcilable inconsistencies. In two places, the decree provides that support shall cease only upon the death of either of the parties or the remarriage of the "complainant," the wife. Yet, paragraph no. 6 provides that

---

[2] Code § 20-60.3 was enacted in 1985 to comply with 42 U.S.C. 651 (1984). As required by the federal law, Virginia law protects support obligors by requiring that all support orders provide notice to the obligor of his or her obligations under the court's decree. 42 U.S.C. 651. Specifically, Code § 20-60.3(6) requires that the order inform the obligor of the amount of periodic support, the payment interval and the date payments are due. In this case, one of these provisions inaccurately reflected the court's support order as contained in the body of the decree.

- 4 -

support ceases upon the remarriage of the "defendant," the husband.  Because there is no explanation "as to why the parties and court might have intended to include inconsistent provisions or how both could be enforceable, the trial court had clear and convincing evidence to support its finding of a clerical error justifying correction," and logically determined that the error was in paragraph no. 6, an informational, rather than adjudicatory, provision.  Id.

Husband's remaining arguments are without merit.  First, a party's detrimental reliance upon an error in a court's decree does not preclude correction under Code § 8.01-428.  Moreover, detrimental reliance, or estoppel, is an equitable remedy against a party and does not apply to a court's order based on a valid statute.  See Heckler v. Community Health Servs., 467 U.S. 51, 60 (1984) (holding that "the Government may not be estopped on the same terms as any other litigant"); Miller v. Commonwealth, 25 Va. App. 727, 736 n.4, 492 S.E.2d 482, 487 n.4 (1997) (rejecting the characterization of defendant's reliance on misinformation from his probation officer as "entrapment by estoppel" because the doctrine of estoppel does not apply against the government); Sink v. Commonwealth, 13 Va. App. 544, 547, 413 S.E.2d 658, 660 (1992) ("[T]he doctrine[] of . . . estoppel may not be employed to bar the state from exercising its governmental functions . . . .").

Second, the <u>nunc</u> <u>pro</u> <u>tunc</u> correction of an inadvertent error did not deprive husband of his property in violation of due process because the court did not reconsider or alter its previous ruling.  Rather, the court placed upon the record the judicial action that had already been taken but that had been misstated in the notice portion of the decree.  <u>Lowe v. Commonwealth</u>, 33 Va. App. 583, 592 n.1, 535 S.E.2d 689, 692 n.1 (2000).

For the reasons stated herein, we affirm the decision of the trial court.

<u>Affirmed.</u>