UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present: Judges Petty, Alston and Russell
Argued by teleconference


JAKE R. JONES, S/K/A
  JAKE ROBERT JONES

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0837-16-3                      JUDGE ROSSIE D. ALSTON, JR.
                                                    OCTOBER 3, 2017

COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF ROANOKE COUNTY
                          James R. Swanson, Judge

            Terry N. Grimes (Terry N. Grimes, Esq., P.C., on briefs), for
            appellant.

            Benjamin H. Katz, Assistant Attorney General (Mark R. Herring,
            Attorney General, on brief), for appellee.


        Jake R. Jones (appellant) appeals his conviction for misdemeanor interference with the

property rights of another in violation of Code § 18.2-121.[1]  Appellant argues that the trial court

erred in reducing the felony grand larceny charge to misdemeanor interference with the property

rights of another.  We agree, and reverse and dismiss.[2]

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] On July 18, 2017, this Court dismissed appellant's appeal due to a lack of jurisdiction as
there was no final order from which appellant could appeal.  On July 21, 2017, appellant filed a
petition for rehearing and rehearing *en banc* arguing that appellant appealed from a final order.
On August 9, 2017, we granted the petition for rehearing and vacated our July 18, 2017 order.

        [2] Appellant also appeals arguing that the trial court erred in admitting a jail recording into
evidence over his objection.  Because we find that deciding appellant's other assignment of error
disposes of his appeal, we need not reach this second issue on appeal.

BACKGROUND

On December 4, 2015, a grand jury indicted appellant for "unlawfully and feloniously steal[ing] property having a value of $200 or more," a felony, in violation of Code § 18.2-95. This charge involved appellant allegedly taking several items of equipment from Leslie Boston after Boston's own arrest in a separate matter, as the two men worked together providing maintenance on trees.

At appellant's bench trial on May 16, 2016, Martha Padgett, Boston's mother, testified that she noticed appellant at her home because her dogs started barking. When she looked outside, she saw appellant putting equipment into his car. Appellant told Padgett that Boston said that he could borrow the equipment because appellant needed to take a tree down in his mother's yard. Appellant took equipment from Boston's car and the shed. Padgett testified that she only saw appellant make two trips, but that he already had some things in his car as the back door was open and some equipment was already inside. Later that same night, Padgett attempted to get the equipment back but could only reach appellant using Boston's phone. Thereafter, she and her husband made several calls and left messages for appellant without much success in reaching him.

Boston testified that he called his mother from the Roanoke Regional Jail to tell her that he had not given appellant permission to use his equipment. After his release, Boston called appellant to tell him to bring his gear back. Appellant returned a rope, saddle, spikes, a few carabiners, a pulley, and a climbing saw. Boston testified that appellant did not return a 028 climbing saw, several fliplines, two pulleys, eight carabiners, some Loopies, a Port-A-Wrap, some chaps, and other items, all amounting to nearly $2,500. Boston retrieved the cost of the items from the catalog where he originally purchased the items. Boston further stated that he knew what was missing because he checked his equipment prior to going to jail.

After the Commonwealth rested, appellant moved to strike the evidence, arguing that the Commonwealth failed to establish the value of the items. Further, appellant argued that the Commonwealth did not prove that appellant took the items. The trial court overruled the motion.

In his defense, appellant testified that "[b]efore [Boston] got locked up on his case, he told me if I need any equipment to do what I have to do, he said you can borrow it." With this permission, appellant admitted that he went to Boston's home, grabbed the bag from his car, and put it into his own car. However, he stated that he only took the bag. Appellant further indicated that Padgett remembered him taking two trips because he opened his car doors, went to grab the bag with two hands as it was heavy, and then went back to shut Boston's car doors. He denied going to the shed and said that it was locked. Appellant needed the items in the bag to cut down a tree, and thereafter he placed the bag in his house where it remained while Boston was in jail.

Appellant indicated that he knew that Boston wanted the items back but that he was waiting for Boston to get out of jail so that he could go through the bag with him. He did not want to do an inventory with Boston's mother because she did not know everything that was in the bag. Appellant testified that he and his boss took the bag apart piece by piece right before Boston was released to review the items in the bag. He indicated that "[h]alf the stuff [Boston] says that's missing is not missing." Appellant denied keeping any equipment from the bag. He testified that he remembered seeing the saws in Boston's vehicle but that he did not take any of his saws.

After testifying, appellant rested his case and renewed his motion to strike, primarily referencing the value of the items taken. In its ruling, the trial court stated: "Well, I'll be the first to concede that the evidence in this case is unclear, to say the least, and notwithstanding credibility issues, in my view, on both sides." The trial court went on to state:

> What was in the bag that was taken or what items were taken by [appellant], under what circumstances were they taken, in other

words, what was the intent of [appellant] when he took it, and what was the value of the items taken. When I look at the evidence as a whole, I am not satisfied that the Commonwealth has borne its burden of proving beyond a reasonable doubt the elements required of a grand larceny charge. However, I am satisfied that the Commonwealth has met its burden of proving [appellant] guilty of interfering with the property rights of another, and to that end I will show this case reduced to interfering with the property rights of another, a misdemeanor, in violation of 18.2-121.

Appellant's counsel responded: "So we don't-- first of all, we think the charge should be dismissed, and we ask the [trial c]ourt to dismiss the charge." Nevertheless, the trial court found appellant guilty of misdemeanor interference with the property rights of another, and later sentenced him to twelve months in jail with all except sixty days suspended. This appeal followed.

ANALYSIS

I. Appellant Failed to Preserve his Argument Under Rule 5A:18, but the Ends of Justice Exception Requires Us to Hear the Case on its Merits.

As a preliminary matter, the Commonwealth argues that appellant waived his argument because it was never presented to the trial court. We agree, but find that this issue falls within the ends of justice exception.

Rule 5A:18 provides, in pertinent part, that to preserve an issue for appeal, "an objection [must be] stated with reasonable certainty at the time of the ruling." "The purpose of Rule 5A:18 is to 'enable the ruling court to take any necessary corrective action,' and to 'rule intelligently on the issues presented.'" Cox v. Commonwealth, 65 Va. App. 506, 515, 779 S.E.2d 199, 203 (2015) (citations omitted). "[A] specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding." Id. (quoting Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991)). If both the trial court and appellee have had this opportunity, then appellant has sufficiently preserved his objection for appeal. Id. (citing Weidman, 241 Va. at 44, 400 S.E.2d at 167). Where the trial court does not rule on

appellant's objection, or where the trial court does not have an objection from which it can rule, "there is no ruling for us to review on appeal." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 489 (1998). Additionally, an objection must be timely such that it is "at a point in the proceeding when the trial court is in a position, not only to consider the asserted error, but also to rectify the effect of the asserted error." Scialdone v. Commonwealth, 279 Va. 422, 437, 689 S.E.2d 716, 724 (2010).

Here, in making its ruling, the trial court noted

> When I look at the evidence as a whole, *I am not satisfied that the Commonwealth has borne its burden* of proving beyond a reasonable doubt the elements required of a grand larceny charge. However, I am satisfied that the Commonwealth has met its burden of proving [appellant] guilty of interfering with the property rights of another, and to that end I will show this case *reduced to interfering with the property rights of another*, a misdemeanor, in violation of 18.2-121.

(Emphasis added). After the trial court made these statements, the only mention of disagreement, other than addressing restitution, was when appellant's counsel stated: "So we don't-- first of all, we think the charge should be dismissed, and we ask the [trial c]ourt to dismiss the charge." Nothing in appellant's argument before the trial court alerted it to what he now argues before this Court on appeal. Accordingly, we have no ruling to review as the trial court did not have the ability to consider the potential error, nor was it able to rectify any possible error.

However, our analysis does not stop there. In his reply brief, appellant argues that "even if the objection at trial was not adequate, the [ends of justice] exception applies as an obvious miscarriage of justice has occurred." We agree.

"[I]t is a rare case in which, rather than invoke [Rule 5A:18], we rely upon the exception and consider an assignment of error not preserved at trial." Jimenez v. Commonwealth, 241 Va. 244, 249, 402 S.E.2d 678, 680 (1991). "In order to avail oneself of the [ends of justice]

exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997).

"In examining a case for miscarriage of justice, we do not simply review the sufficiency of the evidence under the usual standard, but instead determine whether the record contains affirmative evidence of innocence or lack of a criminal offense." Masika v. Commonwealth, 63 Va. App. 330, 334, 757 S.E.2d 571, 573 (2014). The Supreme Court of Virginia

> has limited the "'[a]pplication of the ends of justice exception [to cases where] the judgment of the trial court was error and application of the exception [was] necessary to avoid a grave injustice or the denial of essential rights.'" Rowe v. Commonwealth, 277 Va. 495, 503, 675 S.E.2d 161, 165 (2009) (quoting Charles v. Commonwealth, 270 Va. 14, 17, 613 S.E.2d 432, 433 (2005)). The language used by our Supreme Court indicates that there are two distinct requirements that [appellant] must meet before we can apply the ends of justice exception: (1) that the trial court erred, and (2) that a grave or manifest injustice will occur or the appellant will be denied essential rights.

Masika, 63 Va. App. at 334-35, 757 S.E.2d at 573 (quoting Brittle v. Commonwealth, 54 Va. App. 505, 512-13, 680 S.E.2d 335, 339 (2009)).

Appellant has met both of these requirements. First, appellant argues on appeal that a charge under Code § 18.2-121 is not a lesser-included charge of grand larceny per Code § 18.2-95. Second, appellant claims that there would be a "grave or manifest injustice" and that he would be denied essential rights if his assignment of error is not considered because he was "convicted . . . of an offense for which he was never charged – whether by summons, warrant or indictment – and [the trial court] imposed an active jail sentence in patent contravention of the due process clauses."

The Commonwealth argues that this Court's analysis is instructed by this Court's decision in Edwards v. Commonwealth, 41 Va. App. 752, 589 S.E.2d 444 (2003) (*en banc*). In

Edwards, this Court found that appellant's argument that assault and battery of a law enforcement officer was not a lesser-included offense of attempted capital murder was not preserved for appeal because appellant did not make that same argument before the trial court. Id. at 759-60, 589 S.E.2d at 447-48. Significantly, we further decided that we would not hear the argument under the ends of justice exception because appellant did not argue that the Court should invoke it. Id. at 761, 589 S.E.2d at 448. We stated: "We will not consider, *sua sponte*, a 'miscarriage of justice' argument under Rule 5A:18." Id. In contrast, here, appellant argues that the ends of justice exception should be applied.

We find that this is one of the rare cases in which appellant may rely on the ends of justice exception, and, as such, we review the issue presented by appellant on the merits.

> II. The Trial Court Erred by Reducing the Felony Grand Larceny Charge to Misdemeanor Interference with the Property Rights of Another.

Appellant argues that the trial court erred by reducing the felony grand larceny charge to misdemeanor interference with the property rights of another because the latter is not a lesser-included offense of grand larceny. We agree.

Questions of statutory interpretation are "question[s] of law reviewed *de novo* on appeal." Grimes v. Commonwealth, 288 Va. 314, 318, 764 S.E.2d 262, 264 (2014) (citing Washington v. Commonwealth, 272 Va. 449, 455, 634 S.E.2d 310, 313 (2006)).

So viewed, "[t]he court's authority to convict appellant for [a new charge] is contingent upon whether that offense is lesser included in the offense for which appellant was charged." Lowe v. Commonwealth, 33 Va. App. 583, 589, 535 S.E.2d 689, 692 (2000).[3] A lesser-included offense is one that is composed wholly by the elements of the greater offense. Id. (quoting

---

[3] This case was overruled, in part, by Edwards, 41 Va. App. 752, 589 S.E.2d 444, but only for the finding that the trial court lacked authority to find an accused guilty of an offense other than the one charged or a lesser-included offense which allowed the objection to be "raised at any time" and by any court.

Kauffmann v. Commonwealth, 8 Va. App. 400, 409, 382 S.E.2d 279, 283 (1989)). Thus, "for one crime to be a lesser-included offense of another crime, every commission of the greater offense must also be a commission of the lesser offense." Kauffmann, 8 Va. App. at 409, 382 S.E.2d at 283. "An offense is not a lesser-included offense of another if each offense contains an element that the other does not." Lowe, 33 Va. App. at 590, 525 S.E.2d at 692 (citing Walker v. Commonwealth, 14 Va. App. 203, 206, 415 S.E.2d 446, 448 (1992)).

In Crump v. Commonwealth, 13 Va. App. 286, 290-91, 411 S.E.2d 238, 240-41 (1991), we held that trespass under Code § 18.2-121 is not a lesser-included offense of statutory burglary per Code § 18.2-91 because a violation of Code § 18.2-121 is an offense against the "land, dwelling, outhouse or any other building of another," its "contents" or "use" of "such property free from interference." We found that "Code § 18.2-91, statutory burglary, for which defendant was indicted and tried, relies upon Code § 18.2-90 to identify its prohibited 'acts.'" Id. at 291, 411 S.E.2d at 241. Code § 18.2-90, for instance, "includes offenses against properties not specified in Code § 18.2-121, i.e. ships, vessels, river craft." Id. We ultimately concluded that "a violation of Code § 18.2-91 will not invariably and necessarily include a violation of Code § 18.2-121 and the misdemeanor is, consequently, not a lesser-included offense of either Code §§ 18.2-90 or 18.2-91." Id.

Similarly, appellant was charged with violating Code § 18.2-95, which states, in relevant part: "Any person who . . . (ii) commits simple larceny not from the person of another of goods and chattels of the value of $200 or more." On the other hand, Code § 18.2-121, states:

> It shall be unlawful for any person to enter the land, dwelling, outhouse or any other building of another for the purpose of damaging such property or any of the contents thereof or in any manner to interfere with the rights of the owner, user or the occupant thereof to use such property free from interference.

Similar to <u>Crump</u>, Code § 18.2-121 does not create a lesser-included offense of grand larceny per Code § 18.2-95 because a violation of Code § 18.2-121 is an offense against the "land, dwelling, outhouse or any other building of another," its "contents" or "use" of "such property free from interference." While Code § 18.2-121 focuses on interference, Code § 18.2-95 focuses specifically on goods and chattels over $200. Both sections include offenses against properties, in general, or types of properties not specified in the other.

As such, Code § 18.2-121 is not a lesser-included offense of grand larceny under Code § 18.2-95. For these reasons, we reverse and dismiss appellant's conviction on the charge of interference with the property of another.

<u>Reversed and dismissed.</u>