COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Benton, Elder, Annunziata, Bumgardner, Frank,
           Humphreys, Clements, Felton and Kelsey
Argued at Richmond, Virginia


LOLITA EDWARDS
                                                              OPINION BY
v.        Record No. 2846-01-1                       JUDGE ROBERT P. FRANK
                                                          DECEMBER 9, 2003
COMMONWEALTH OF VIRGINIA

                         UPON A REHEARING EN BANC

               FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                            Von L. Piersall, Jr., Judge

               Joseph R. Winston, Special Appellate Counsel (Public Defender
               Commission, on brief), for appellant.

               Richard B. Smith, Senior Assistant Attorney General (Jerry W.
               Kilgore, Attorney General, on briefs), for appellee.


        Lolita Edwards (appellant) was indicted for attempted capital murder of a law enforcement

officer, in violation of Code §§ 18.2-25 and 18.2-31, eluding the police, in violation of Code

§ 46.2-817(B), and leaving the scene of an accident involving personal injury, in violation of Code

§ 46.2-894.  In a bench trial, she was convicted of assault on a law enforcement officer, in violation

of Code § 18.2-57, in addition to the indicted offenses of eluding and leaving the scene.  A panel of

this Court reversed the conviction of assault and affirmed the conviction of leaving the scene.

Edwards v. Commonwealth,  41 Va. App. 99, 581 S.E.2d 910 (2003).  Thereafter, we stayed the

mandate of that decision and granted the Commonwealth's petition for a rehearing *en banc*.

        Appellant contends she was improperly convicted of assault on a law enforcement officer

because that offense is not a lesser-included offense of the indicted charge, attempted capital murder

of a law enforcement officer. She also argues the evidence was insufficient to prove she left the scene of an accident. Upon rehearing *en banc*, we affirm the trial court on both offenses.

BACKGROUND

Around 8:00 p.m. on May 4, 2001, Portsmouth Police Officer S.D. White saw a burgundy Pontiac with "music . . . playing extremely loud," traveling without its headlights illuminated. Officer White activated his lights and siren, but the Pontiac did not stop. Officer White continued to follow the vehicle, with his "wigwag headlights" activated and his siren engaged, for approximately one mile. The Pontiac swerved from one lane to another. A passing car was forced off the road by the Pontiac. Eventually, the vehicle crossed the Churchland Bridge, "stopped suddenly," and "jumped the curb." The officer swerved his car slightly to avoid hitting the Pontiac and then stopped his police unit "slightly beside [appellant's] vehicle."

Officer White, who was in uniform with his badge displayed, exited his vehicle. He walked up to the Pontiac and found appellant in the driver's seat. The car was still running. Officer White reached through the driver's side window, telling appellant, "Turn off the car, turn off the car."

The officer described what happened next:

> I reached in, there was some yelling or something from inside the car and the car drove off. When the car drove off, it pinned my arm back behind the headrest and drug me towards the front of my car at that point.
>
> I was able to work myself free and I remember getting hit in the back with either a car or a mirror and the next thing I remember I was being loaded into an ambulance.

Officer Peter Sykes had arrived just before appellant stopped her car. He observed Officer White reach into appellant's car, grab her arm, and attempt to extract her from the Pontiac. According to Officer Sykes, the car then "began to proceed eastbound . . . leaving the curb, partially dragging Officer White towards his police vehicle. Officer White eventually let go of the driver's arm." Officer Sykes testified the Pontiac was "creeping off the curb" when

appellant drove off with Officer White's arm in her car. He estimated the car traveled about five or six feet until Officer White "let go." After the officer "let go," the Pontiac struck White's vehicle and then another police car.

Officer Sykes followed the car approximately a hundred feet, during which time it jumped the curb, traveled across a lawn, and stopped. The officer placed appellant under arrest. Officer White was treated for his injuries.

At the conclusion of the Commonwealth's evidence, appellant moved to strike the evidence on the attempted capital murder count. After argument, the trial court sustained the motion. The Commonwealth then inquired if the court was "striking that down to possibly a lesser included offense?" The Commonwealth suggested assault on a law enforcement officer as a lesser-included offense. Appellant argued the latter offense was not a lesser-included offense. The following exchange occurred:

> MR. MEDA [appellant's counsel]: Your Honor, I think under the Blockburger analysis for lesser included offenses, I don't think that meets the requirement. The attempted capital murder statute does not include the element of the defendant having reason to know the person was a law enforcement officer. Assault and battery on a police officer requires that --
>
> * * * * * * *
>
> The elements of the statute of attempted capital murder do not include that as a requirement. The statute for assault and battery on a law enforcement officer requires the Commonwealth to prove as an element that the defendant had reason to know that the person assaulted is a law enforcement officer.

The Commonwealth's attorney responded, arguing that an attempted capital murder indictment also requires the Commonwealth prove a defendant should have known the victim was a law enforcement officer. The entire focus of the argument to the trial court was whether the Commonwealth must prove the offender had reason to know the person was a law enforcement officer in order to prove attempted capital murder. The trial court ruled on this

- 3 -

issue when it found assault on a law enforcement officer was a lesser-included offense of attempted capital murder.

ANALYSIS

A.  Lesser-Included Offense

On appeal, appellant contends assault and battery of a law enforcement officer is not a lesser-included offense of attempted capital murder because a battery is not an element of attempted capital murder.[1]  Appellant also argues the definitions of "law enforcement officer" contained in Code § 18.2-57, the assault statute, and Code § 18.2-31(6), the murder statute, differ, which precludes a finding that assault of a law enforcement officer is a lesser-included offense of attempted capital murder of a law enforcement officer.  The Commonwealth concedes this second argument.  However, the Commonwealth contends any argument based on these different definitions is procedurally defaulted under Rule 5A:18.[2]  We agree.

The argument at trial focused solely on whether both offenses require proof that the assailant knew her intended victim was a law enforcement officer.  Appellant argued Code § 18.2-57 includes this element and attempted capital murder does not.  However, on appeal, appellant attempts to distinguish the elements of these two offenses on a different basis, i.e., the

---

[1] Appellant was convicted of assault on a law enforcement officer, not assault and battery on a law enforcement officer.  Thus, we will not address this contention.

[2] Rule 5A:18 states:

> No ruling of the trial court or the Virginia Workers' Compensation Commission will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.  A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to constitute a question to be ruled upon on appeal.

- 4 -

*statutory definition* of a law enforcement officer, not the *assailant's perception* of the victim's status as a law enforcement officer. Appellant did not raise the point she now asserts before the trial court.

Nothing in appellant's argument before the trial court alerted the trial court to her argument before this Court. The trial court had no opportunity to consider the issue presented on appeal. See Neal v. Commonwealth, 15 Va. App. 416, 422, 425 S.E.2d 521, 525 (1992) ("This Court has said 'the primary function of Rule 5A:18 is to alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials.'" (quoting Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992))).

Rule 5A:18 requires an "objection [be] stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Under this rule, a specific argument must be made to the trial court at the appropriate time, or the allegation of error will not be considered on appeal. See Mounce v. Commonwealth, 4 Va. App. 433, 435, 357 S.E.2d 742, 744 (1987). A general argument or an abstract reference to the law is not sufficient to preserve an issue. Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 416 (1994); Scott v. Commonwealth, 31 Va. App. 461, 464-65, 524 S.E.2d 162, 164 (2000). Making one specific argument on an issue does not preserve a separate legal point on the same issue for review. See Clark v. Commonwealth, 30 Va. App. 406, 411-12, 517 S.E.2d 260, 262 (1999) (preserving one argument on sufficiency of the evidence does not allow argument on appeal regarding other sufficiency questions).

Thus, we will not consider this issue for the first time on appeal. See Rule 5A:18; West Alexandria Prop., Inc. v. First Virginia Mortgage and Real Estate Inv. Trust, 221 Va. 134, 138, 267 S.E.2d 149, 151 (1980) ("On appeal, though taking the same general position as in the trial

court, an appellant may not rely on reasons which could have been but were not raised for the benefit of the lower court."); Floyd v. Commonwealth, 219 Va. 575, 584, 249 S.E.2d 171, 176 (1978) (holding that appellate courts will not consider an argument that differs from the specific argument presented to the trial court, even if it relates to the same general issue).

Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18. Further, we find nothing in the record to support such an argument.

Appellant relies on our decision in Lowe v. Commonwealth, 33 Va. App. 583, 535 S.E.2d 689 (2000), to contend that her assignment of error can be raised at any time. In Lowe, a defendant was indicted for statutory burglary, but convicted of trespass, without an amendment of the indictment. The conviction was reversed because trespass under Code § 18.2-219 is not a lesser-included offense of statutory burglary. At trial, Lowe did not object to the conviction of the reduced charge. The Commonwealth, as it did here, contended Rule 5A:18 barred Lowe from raising the issue on appeal. This Court noted:

> "[T]he fact that the defendant did not object to . . . the conviction on the ground that he was convicted for an offense with which he was not charged is of no moment. Unless an indictment is amended to conform to the proof or an accused acquiesces in being found guilty of an offense other than the one charged, a trial court lacks the authority to find an accused guilty of an offense other than the one charged or a lesser included offense. . . . The lack of authority of the trial Court to render the judgment that it did may be raised at any time and by this court on its own motion."

- 6 -

> Fontaine v. Commonwealth, 25 Va. App. 156, 165, 487 S.E.2d
> 241, 244 (1997) (citations omitted).

Id. at 588, 535 S.E.2d at 691-92.  This Court then held:

> Acquiescence requires something more than a mere failure to
> object.  See [Fontaine, 25 Va. App. at 165, 487 S.E.2d at 244]
> (holding that failing to object, coupled with statement to judge
> clarifying that conviction was for misdemeanor rather than felony,
> did not constitute acquiescence).

Id. at 588, 535 S.E.2d at 692.  This Court found the issue was not defaulted and proceeded to

consider the merits of the appeal.  Id.

In Fontaine, 25 Va. App. 156, 487 S.E.2d 241, a defendant was indicted for leaving the

scene of an accident in which a person was injured, a felony under Code § 46.2-900.  However,

he was convicted, without an amendment of the indictment, of leaving the scene of an accident

involving property damage, a misdemeanor under Code § 46.2-900.  Id. at 159, 487 S.E.2d at

242-43.  Fontaine did not object to the conviction of the reduced charge.  Id. at 162, 487 S.E.2d

at 244.  In the context of a sufficiency issue, the Commonwealth argued that Fontaine had

"concurred" in the misdemeanor conviction by asking the trial court for clarification.  Id. at 163,

487 S.E.2d at 244.  This Court held Fontaine did not "acquiesce" in the trial court's decision.  Id.

The Commonwealth also argued the evidence was sufficient to convict Fontaine of the

misdemeanor because it was a lesser-included offense of the felony, and the evidence was

sufficient to convict him of the felony.  Id. at 163, 487 S.E.2d at 244-45.

This Court noted, "[N]ot only is [the lesser-included issue] crucial to the

Commonwealth's sufficiency argument, but, more importantly it is critical to the determination

of whether the trial court had jurisdiction to find the defendant guilty of an offense not directly

charged in the indictment."  Id. at 163-64, 487 S.E.2d at 245.  This Court, after finding "hit and

run property damage" is not a lesser-included offense of "hit and run personal injury," explained:

> By convicting the defendant of an offense that was not lesser
> included and that was not charged, the trial court exceeded its
> authority. The indictment did not charge the defendant generally
> with hit and run in violation of Code § 46.2-894. Instead, it
> specifically charged hit and run personal injury. Thus, the
> Commonwealth charged the defendant with one offense and found
> him guilty of another. "The state may not accuse a person of one
> crime and convict him by proving another unless the offense is a
> lesser included one of that charged." Harrell v. Commonwealth,
> 11 Va. App. 1, 6, 396 S.E.2d 680, 682 (1990). The fact that the
> defendant did not object to or appeal the conviction on the ground
> that he was convicted for an offense with which he was not
> charged is of no moment.

Id. at 164-65, 487 S.E.2d at 245.

The Commonwealth asks this Court to overturn Lowe and reject the analysis in Fontaine. The Commonwealth argues that conviction of an offense which is not a lesser-included offense cannot create a jurisdictional issue and contends appellant's arguments are subject to the usual procedural requirements for consideration on appeal.

The Commonwealth notes both Lowe, 33 Va. App. at 589, 535 S.E.2d at 692, and Fontaine, 25 Va. App. at 165, 487 S.E.2d at 245, allow waiver of this issue if a defendant acquiesces in the trial court's decision. However, the Commonwealth correctly explains, jurisdictional issues by definition cannot be waived, even with acquiescence. Nelson v. Warden of the Keen Mountain Corr. Ctr., 262 Va. 276, 281, 552 S.E.2d 73, 75 (2001) (noting jurisdictional issues cannot be waived). Given this contradiction between the definition of jurisdictional issues and the principles expressed in Lowe and Fontaine, we must reconsider these two cases.

Fontaine, as embraced in Lowe, underscores the concept that a trial court "lack[s] authority" to convict a person of an offense which is not a lesser-included offense. We do not disagree with this statement of the law. However, the Fontaine and Lowe decisions presume enthymematically that, when courts "lack authority," they necessarily also lack essential

jurisdiction over the matter in controversy. The decisions also conclude that this lack of authority allows the issue to be raised at any time, whether preserved under Rule 5A:18 or not, a prospect reserved only for void judgments. Lowe, 33 Va. App. at 588-89, 535 S.E.2d at 691-92; Fontaine, 25 Va. App. at 165, 487 S.E.2d at 245. Essentially, Fontaine and Lowe equate the "lack of authority" to exercise jurisdiction with a jurisdictional defect. This notion was clearly rejected in Nelson, 262 Va. at 281-84, 552 S.E.2d at 75-77.

Referring to its earlier decision in David Moore v. Commonwealth, 259 Va. 431, 527 S.E.2d 406 (2000), the Supreme Court explained in Nelson,

> [W]e made a point in David Moore of "emphasizing the necessary distinction to be drawn . . . between the power of a court to adjudicate a specified class of cases, commonly known as 'subject matter jurisdiction,' and the authority of a court to exercise that power in a particular case." Id. at 437, 527 S.E.2d at 409.
>
> We said that "[s]ubject matter jurisdiction is granted by constitution or statute," that "[i]t cannot be waived," that "any judgment rendered without it is void *ab initio*," and that "lack of subject matter jurisdiction 'may be raised at any time in any manner, before any court, or by the court itself.'" Id. (quoting Humphreys v. Commonwealth, 186 Va. 765, 772, 43 S.E.2d 890, 893 (1947)).
>
> \* \* \* \* \* \* \*
>
> After noting the Court's emphasis on the distinction between subject matter jurisdiction and the authority to exercise that jurisdiction, the Court's next step should have been to demonstrate the difference resulting from the distinction. Yet, we made a distinction without a difference for, with our very next step, we elevated the failure of a court to comply with the requirements for exercising its authority to the same level of gravity as a lack of subject matter jurisdiction.

262 Va. at 281, 552 S.E.2d at 75. The Supreme Court reversed the reasoning in David Moore and found the failure to notify Nelson's father of the charges against his son did not result in a void judgment.

> Nelson did not preserve the error in the juvenile court's failure to give his father notice and did not raise the issue until he filed his petition for a writ of habeas corpus in this Court. Because Nelson's convictions were merely voidable, his failure to raise the issue in a timely manner constitutes a waiver of the error and results in the dismissal of his petition.

Id. at 285, 552 S.E.2d at 78.

Lowe and Fontaine follow the erroneous logic of David Moore by equating the authority to exercise jurisdiction with basic jurisdictional requirements. These decisions cannot be reconciled with Nelson. Therefore, we are required to overrule those decisions to the extent that they conclude a conviction of an offense that is not a lesser-included offense of the indicted charge renders the judgment void, i.e., it can be raised at any time in any court.

In reaching this conclusion, we remain aware of the doctrine of *stare decisis*. As the Supreme Court said in Selected Risks Ins. Co. v. Dean:

> In Virginia, the doctrine of stare decisis is more than a mere cliché. That doctrine plays a significant role in the orderly administration of justice by assuring consistent, predictable, and balanced application of legal principles. And when a court of last resort has established a precedent, after full deliberation upon the issue by the court, the precedent will not be treated lightly or ignored, in the absence of flagrant error or mistake.

233 Va. 260, 265, 355 S.E.2d 579, 581 (1987) (citation omitted). "Our strong adherence to the doctrine of *stare decisis* does not, however, compel us to perpetuate what we believe to be an incorrect application of the law . . . ." Nunnally v. Artis, 254 Va. 247, 253, 492 S.E.2d 126, 129 (1997). See Code § 17.1-402(D) ("The court [of appeals] sitting en banc shall consider and decide the case and may overrule any previous decision by any panel or of the full court."); Nelson, 262 Va. at 280-81, 552 S.E.2d at 75 (quoting Nunnally). We may exercise the authority to overrule previous decisions where a "detailed inquiry" demonstrates "'a mistake exists in our prior decisions.'" Armstrong v. Commonwealth, 36 Va. App. 312, 321, 549 S.E.2d 641, 645 (2001) (*en banc*).

Further, precedent from the Supreme Court supports the distinction we now make between a void and a voidable judgment in the context of differences between the indictment and the final conviction. In Cunningham v. Hayes, 204 Va. 851, 134 S.E.2d 271 (1964), Hayes was indicted for manslaughter, yet convicted of first-degree murder. In his petition for a writ of *habeas corpus*, Cunningham asserted his conviction was illegal because he was indicted for one offense and convicted of another. Id. at 858, 134 S.E.2d at 276. In dismissing the petition, the Court held the judgment was voidable, not void.

> "This court has repeatedly held that a writ of *habeas corpus* does not lie where the judgment of conviction is merely voidable by reasons of error of law or fact, omissions, or other irregularities, no matter how numerous or flagrant they may be. The remedy in such cases is by appeal or writ of error. The underlying question in such [*habeas corpus*] proceedings is that of jurisdiction – that is, whether the court had jurisdiction of the person and the subject matter and the power to render the particular judgment. If the court had jurisdiction of the person and of the subject matter of the prosecution, and if the punishment imposed is of the character prescribed by law, a writ of *habeas corpus* does not lie to release the prisoner from custody merely because of irregularities or defects in the sentence." (Citing cases). Royster v. Smith, 195 Va. 228, 232-[3]3, 77 S.E.2d 855 [(1953)]. See also Ex parte Belt, 159 U.S. 95, 15 S. Ct. 987, 988, 40 L. Ed. 88, 90 [(1895)].
>
> In Virginia there is no constitutional requirement that prosecutions for felonies be by indictment. The requirement is merely statutory and may be waived by the accused. § 19.1-162, Code of 1950, as amended.
>
> \*       \*       \*       \*       \*       \*       \*
>
> Since a person charged with a felony may waive indictment and be tried on a warrant or information[,] the requirement of an indictment is not jurisdictional.

Id. at 854-55, 134 S.E.2d at 274.

Here, the trial court clearly had subject matter jurisdiction over the case, which involved a criminal matter. See Code § 17.1-513 (giving circuit courts jurisdiction over criminal cases). Appellant does not contend the offense occurred outside the Commonwealth of Virginia or that

the court lacked jurisdiction over her person. Thus, no jurisdictional defect renders her conviction of assault on a police officer void. Since Rule 5A:18 bars consideration of this issue, we affirm the conviction of assault on a police officer.

### B. Sufficiency of the Evidence

Appellant argues the evidence does not support the conviction for leaving the scene of an accident involving personal injury. She contends she did not deliberately drive away from the scene and, alternatively, she did not leave the scene.

When considering sufficiency issues, "we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). When the sufficiency of the evidence is challenged on appeal, "it is our duty to look to that evidence which tends to support the verdict and to permit the verdict to stand unless plainly wrong." Snyder v. Commonwealth, 202 Va. 1009, 1016, 121 S.E.2d 452, 457 (1961). "The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." Martin, 4 Va. App. at 443, 358 S.E.2d at 418.

Code § 46.2-894 criminalizes leaving the scene of an accident:

> The driver of any vehicle involved in an accident in which a person is killed or injured or in which an attended vehicle or other attended property is damaged shall immediately stop as close to the scene of the accident as possible without obstructing traffic, as provided in § 46.2-888, and report his name, address, driver's license number, and vehicle registration number forthwith to the State Police or local law-enforcement agency, to the person struck and injured if such person appears to be capable of understanding and retaining the information, or to the driver or some other occupant of the vehicle collided with or to the custodian of other damaged property.

Appellant claims this statute requires the Commonwealth prove an accused *deliberately* drove away from the scene of an accident, citing Herchenbach v. Commonwealth, 185 Va. 217, 38 S.E.2d 328 (1946), to support this interpretation of the statute. She then argues the evidence does not support an inference that she deliberately continued driving after she injured the officer.

Appellant's reliance on Herchenbach is misplaced. Herchenbach held the Commonwealth must prove an accused knew an accident had occurred, which is not appellant's argument. Id. at 220, 38 S.E.2d at 329. See Cottee v. Commonwealth, 31 Va. App. 546, 558, 525 S.E.2d 25, 31 (2000). Herchenbach did note, however, "The duty imposed upon the driver of a vehicle involved in an accident is not passive. It requires positive, affirmative action; -- that is, to stop and give the aid and information specified." 185 Va. at 220, 38 S.E.2d at 329.

Code § 46.2-894 requires a driver "immediately stop" at an accident scene. This language plainly does not allow a person to continue driving until circumstances stop the vehicle. See Rasmussen v. Commonwealth, 31 Va. App. 233, 238, 522 S.E.2d 401, 403 (1999) (statutory language should be given its plain meaning). Even if, as appellant contends, she initially could not stop the vehicle because she was "yanked . . . off those brakes" by Officer White, she could have applied the brakes to stop the car once the officer had released her. She did not do this, but instead continued to drive the car until it hit two police vehicles and almost hit a house. This evidence is sufficient to prove appellant did not immediately stop as required by the statute.

Appellant also contends she did not leave the scene, contending the movement of her car did not take her away from the scene. She relies on Smith v. Commonwealth, 32 Va. App. 228, 527 S.E.2d 456 (2000), to support this analysis. Again, her reliance is misplaced.

Smith addressed the meaning of "scene of the accident" in the context of Code § 19.2-81, the statute allowing an arrest without a warrant. Id. at 231, 527 S.E.2d at 458. Appellant is correct that this Court held Smith was at "the scene of any accident" when she was arrested, even

- 13 -

though she stopped her car 100 yards away from the road sign she had struck. Id. However, in a footnote, this Court foresaw appellant's argument here:

> Appellant contends that the phrase, "the scene of any accident," in Code § 19.2-81 should be construed as co-extensive with the phrase, "the scene of the accident," in Code § 46.2-894, Virginia's "hit-and-run" statute. Because appellant's hit-and-run charge was disposed of by *nolle prosequi* and never considered by the court, we see no reason to analyze the meaning of the challenged phrase in the hit-and-run statute. We note, however, that the hit-and-run statute contains language significantly different from the statute under which appellant was convicted. Code § 46.2-894 requires a driver involved in an accident to "stop as close to the scene of the accident as possible without obstructing traffic," and the purpose of the statute is to "facilitate accident investigation and to preserve public order." Johnson v. Commonwealth, 14 Va. App. 769, 771, 418 S.E.2d 729, 731 (1992). Code § 19.2-81, by contrast, permits an officer to make a warrantless arrest of a motor vehicle driver, under certain conditions, "at the scene of any accident."

Id. at 234 n.2, 527 S.E.2d at 460 n.2.

We agree with the analysis in Smith's footnote. By requiring a driver to stop immediately and as close to the "scene" as possible, Code § 46.2-894 distinguishes and limits the area labeled "the scene" in a manner that Code § 19.2-81 does not. The hit-and-run statute clearly requires drivers to stop as close to the accident, or point of impact, as safety will permit. Any other interpretation of the statute would make the word "immediately" meaningless and foil the intent of the statute. See Gray v. Graves Mountain Lodge, Inc., 26 Va. App. 350, 355-56, 494 S.E.2d 866, 869 (1998) (explaining that courts should avoid interpretations that make words within a statute meaningless and ignore legislative intent).

The trial court found appellant "drove fifty to a hundred feet away" after injuring Officer White. The evidence supports that finding. After Officer White fell from her car, appellant hit two police cars and eventually stopped in the lawn of a private residence. Nothing in the record suggests that stopping in the lawn was an immediate stop or that the lawn was the first safe place to park the car.

CONCLUSION

We find appellant was properly convicted of assault on a law enforcement officer and that the evidence was sufficient to convict appellant of leaving the scene of an accident involving personal injury. Thus, we affirm both convictions.

Affirmed.

Benton J., dissenting.

I.

The Commonwealth concedes that assault on a law enforcement officer as proscribed by Code § 18.2-57, which is the offense of which Lolita Edwards was convicted, is not a lesser-included offense of attempted capital murder of a law enforcement officer as proscribed by Code § 18.2-31(6), which was the offense charged in the indictment.

> The Due Process Clauses of the Constitution of the United States and the Constitution of Virginia mandate that an accused be given proper notification of the charges against him. U.S. Const. amend. XIV; Va. Const. art. 1, § 8. Code § 19.2-220 provides, in pertinent part, that an indictment shall be "a plain, concise and definite written statement, (1) naming the accused, (2) describing the offense charged, (3) identifying the county, city or town in which the accused committed the offense, and (4) reciting that the accused committed the offense on or about a certain date." An indictment, to be sufficient, must give an accused notice of the nature and character of the charged offense so the accused can make his defense. Satcher v. Commonwealth, 244 Va. 220, 231, 421 S.E.2d 821, 828 (1992), cert. denied, 507 U.S. 933 (1993).
>
> It is firmly established, therefore, that an accused cannot be convicted of a crime that has not been charged, unless the crime is a lesser-included offense of the crime charged.

Commonwealth v. Dalton, 259 Va. 249, 253, 524 S.E.2d 860, 862 (2000).

The record establishes that, after the trial judge granted the motion to strike the charge of attempted capital murder, the prosecutor inquired about whether the judge was inclined to convict Edwards of a lesser-included offense. The following colloquy ensued:

> [Prosecutor]: Your Honor, with that, will you be striking that down to possibly a lesser included offense under that, Your Honor?
>
> [Judge]: Well, I haven't heard any argument about that.
>
> [Prosecutor]: I didn't know if that's possible --
>
> [Judge]: What lesser included offense would you suggest?

- 16 -

[Prosecutor]:  Your Honor, the Commonwealth would argue that under any of the homicide statutes or attempted homicide statutes, Your Honor, that any of the assault and battery offenses would be lesser included which would include malicious wounding, unlawful wounding, assault and battery on a law enforcement officer --

[Judge]:  So you don't have an argument then for that, just anything I want to do is okay with you?

[Prosecutor]:  Well, Your Honor, just articulating what the lesser included offenses would be.

[Judge]:  I know what all I can do.  I just wanted to know if you had a position on it.

[Prosecutor]:  Your Honor, the Commonwealth would argue that here, clearly, an assault on a law enforcement officer did take place . . . .

* * * * * * *

[Judge]:  You think assault on a police officer is a lesser included offense?

[Prosecutor]:  In this particular case, Your Honor, given the elements --

[Judge]:  Not in this particular case, in any case is assault on a police officer a lesser included offense of attempted capital murder?

[Prosecutor]:  Under the enumerated section that makes this attempted capital murder because it was on a law enforcement officer, Your Honor, it's the Commonwealth's position that yes, it is.

The record indicates that Edwards's attorney objected.  In pertinent part, he gave the following reasons:

Your Honor, I think under the Blockburger analysis for lesser included offenses, I don't think that meets the requirement. The attempted capital murder statute does not include the element of the defendant having reason to know the person was a law enforcement officer.  Assault and battery on a police officer requires that --

- 17 -

* * * * * * *

The elements of the statute of attempted capital murder do not include that as a requirement. The statute for assault and battery on a law enforcement officer requires the Commonwealth to prove as an element that the defendant had reason to know that the person assaulted is a law enforcement officer.

Just as to the argument as to whether or not the Court could find for a lesser included offense, I don't think assault and battery on a police officer is a lesser included offense of attempted --

* * * * * * *

As I stated, the element in assault and battery on a police officer requires the Commonwealth to prove that the defendant had reason to know that the person assaulted was a law enforcement officer.

* * * * * * *

Yes, sir, judge, but there's no element in the attempted capital murder statute that requires the Commonwealth to prove that the defendant had reason to know that the person was a law enforcement officer.

The context in which the lesser offense was suggested by the prosecutor is important because these discussions indicate the prosecutor was unsure that a lesser-included offense was "possible" and then suggested with some uncertainty various alternatives that the judge might consider. Only after the judge pressed for her "position" did the prosecutor settle upon assault on a law enforcement officer as a lesser-included offense. Then, however, the prosecutor argued that the facts "[i]n this particular case" suggested that the offense of assault was a lesser-included offense. See Ragsdale v. Commonwealth, 38 Va. App. 421, 427-28, 565 S.E.2d 331, 334-35 (2002) (noting that the Blockburger test suggests the "two offenses 'are to be examined in the abstract, rather than with reference to the facts of a particular case under review'"). Responding to those arguments, Edwards's attorney said, "Your Honor, I think under the Blockburger analysis for lesser included offenses I don't think that meets the requirement." Although Edwards's attorney advanced at trial a Blockburger analysis different than the one now urged on

- 18 -

appeal, I would hold that the uncertainty that prevailed at the trial on this issue provides a "good cause" basis to consider this issue on appeal. See Jones v. Commonwealth, 194 Va. 273, 280, 72 S.E.2d 693, 697 (1952) (holding that "formal objection" would be excused when the attorneys were "taken by surprise" by the judge's actions and the attorneys "were rather depending on the court in a situation new to them"); Campbell v. Commonwealth, 14 Va. App. 988, 996, 421 S.E.2d 652, 656 (1992) (Barrow, J., concurring) (noting that "'[g]ood cause' relates to the reason why an objection was not stated at the time of the ruling").

Because Edwards's trial attorney's objection invoked the correct legal principle, i.e., Blockburger, I would hold that her argument, which focused on only one of several possible analyses, does not bar our review of the appeal under the good cause prong of Rule 5A:18. Accordingly, I would reverse the conviction for assault and remand this issue to the trial court.

II.

In addition to convicting Edwards of assaulting a law enforcement officer, the trial judge convicted her of eluding a law enforcement officer after receiving a signal to bring her vehicle to a stop, see Code § 46.2-817, driving under the influence of alcohol, see Code § 18.2-266, driving on a suspended license, see Code § 46.2-301, and failing to stop at the scene of an accident to give information and render assistance, see Code § 46.2-894. Edwards contends the evidence was insufficient to prove a violation of Code § 46.2-894.

The evidence proved Edwards was driving erratically, although not exceeding the speed limit, and while intoxicated. Officer White, who followed Edwards with his siren activated, testified that Edwards's "music was playing extremely loud." When Edwards stopped her vehicle at the end of a bridge, Officer White stopped his vehicle "slightly beside [Edwards's] vehicle" and to the left of it. Officer White testified that he "exited [his] vehicle and attempted to extract [Edwards,] the driver" when the following events occurred:

Q: Now, you said you reached in the driver's side and put your hands on the defendant to try to get that person out of the vehicle?

A: That's correct.

Q: Put both hands on the individual?

A: No, my right hand.

Q: The window, was it -- It was already down, correct?

A: Yes.

*       *       *       *       *       *       *

Q: Now, was the defendant's vehicle still running at that time?

A: Yes.

Q: Did you make any attempts to or commands for the defendant to get out of the vehicle before you put your hands into the vehicle trying to get her out?

A: I was saying, "Turn off the car, turn off the car," which is what I normally do, but there were sirens --

Q: Did you attempt to open -- You didn't attempt to open the door before you put your hands in?

A: I couldn't. There wasn't enough room between the cars.

As Officer White pulled at Edwards through the window to "extract" her from the vehicle, Edwards's vehicle moved forward. Officer Sykes, who had stopped his vehicle behind Edwards, testified that Edwards's vehicle began to move after Officer White "grabbed [Edwards's] arm and attempted to pull [Edwards] from the vehicle." He described the movement of Edwards's vehicle as follows:

Q: And was that -- That was at a speed of about five to ten miles, is that correct?

A: If that. She kind of like was creeping off the curb. It wasn't a fast acceleration.

Edwards's vehicle hit Officer White's vehicle, hit another officer's vehicle, which was parked ahead of Officer White's vehicle, and then jumped the curb onto a lawn. Officer Sykes

- 20 -

testified that he drove around the two damaged vehicles and "positioned [his] vehicle alongside [Edwards's] vehicle, kind of following [Edwards's] vehicle." He said Edwards's "vehicle was headed toward the house but stopped before striking the house." Edwards's vehicle had traveled fifty to one hundred feet from the place where Officer White had attempted to pull Edwards from her vehicle.

In pertinent part, Code § 46.2-894 provides that "[t]he driver of any vehicle involved in an accident in which a person is . . . injured or in which an attended vehicle . . . is damaged shall immediately stop as close to the scene of the accident as possible without obstructing traffic . . . and report [identifying information]." Applying a substantially similar predecessor statute, the Supreme Court held as follows:

> [I]n order *to be guilty of violating the statute, the driver* must be aware that harm has been done; it must be present in his mind that there has been an injury; and then, with that in his mind, he *must deliberately go away* without making himself known.

Herchenbach v. Commonwealth, 185 Va. 217, 220, 38 S.E.2d 328, 329 (1946) (citations and internal quotations omitted) (emphasis added).

The evidence failed to prove that Edwards intentionally, consciously, or deliberately drove her vehicle as Officer White attempted to pull her from the vehicle while the vehicle's engine was engaged. Indeed, the evidence fails to negate the hypothesis that the officer's actions dislodged Edwards's foot from the brake pedal, as she testified, and, thus, caused the vehicle to move without any control being exercised by Edwards. Officer Sykes's testimony that the vehicle slowly moved away and came to a halt fifty to one hundred feet away on a lawn before striking a house supports the hypothesis that Edwards momentarily lost control as a result of Officer White's attempt to pull her from the vehicle through the window.

It has long been the rule that "[t]he gravamen of the charge under consideration is the flight from the scene and failure to give succor or aid to the injured party." Blankenship v.

Commonwealth, 184 Va. 495, 500, 35 S.E.2d 760, 762 (1945).  See also James v. Commonwealth, 178 Va. 28, 37, 16 S.E.2d 296, 300 (1941).  Evidence that established only that the vehicle moved fifty to one hundred feet after the operator momentarily was deprived of control of the vehicle is insufficient to prove beyond a reasonable doubt the element of flight or deliberately driving away as required to prove a violation of Code § 46.2-894.

For these reasons, I would reverse that conviction.


A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk

- 22 -

Tuesday                    9th

December, 2003.


Lolita Edwards,                                                                    Appellant,

 against            Record No. 2846-01-1
                        Circuit Court Nos. CR01-1568, CR01-1569 and
                        CR01-1640-01 through CR01-1640-03

Commonwealth of Virginia,                                          Appellee.


Upon a Rehearing En Banc

Before Chief Judge Fitzpatrick, Judges Benton, Elder, Annunziata, Bumgardner, Frank, Humphreys, Clements, Felton and Kelsey


For reasons stated in writing and filed with the record, the Court is of opinion that Rule 5A:18 bars consideration of appellant's argument pertaining to the conviction of assault on a law enforcement officer.  Accordingly, that part of the Court's May 13, 2003 opinion which reversed and dismissed that conviction is withdrawn, the part of the mandate with regard thereto is vacated, and that conviction     (CR01-1640-01) is affirmed.  The stay of the May 13, 2003 mandate with regard to appellant's conviction of leaving the scene of an accident (CR01-1640-03) is lifted.

Appellant did not challenge on appeal appellant's convictions of elude the police (CR01-1640-02), driving under the influence (CR01-1568) and driving on a suspended license (CR01-1569).

The Commonwealth shall recover of the appellant the costs in this Court, which costs shall include a total fee of $925 for services rendered by the Public Defender on this appeal, in addition to counsel's necessary direct out-of-pocket expenses, and the costs in the trial court.

- 23 -

This order shall be certified to the trial court.

Costs due the Commonwealth by
appellant in Court of Appeals of Virginia:

Public Defender          $925.00    plus costs and expenses

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk

Present:  Judges Frank, Kelsey and Senior Judge Willis
Argued at Chesapeake, Virginia


LOLITA EDWARDS

                                                    OPINION BY
v.        Record No. 2846-01-1              JUDGE ROBERT P. FRANK
                                                    MAY 13, 2003
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Von L. Piersall, Jr., Judge

Joseph R. Winston, Special Appellate Counsel (Public Defender
Commission, on briefs), for appellant.

Richard B. Smith, Senior Assistant Attorney General (Jerry W.
Kilgore, Attorney General, on brief), for appellee.


        Lolita Edwards (appellant) was indicted for attempted capital murder of a law enforcement

officer, in violation of Code §§ 18.2-25 and 18.2-31, eluding the police, in violation of Code

§ 46.2-817(B), and leaving the scene of an accident involving personal injury, in violation of Code

§ 46.2-894.  In a bench trial, she was convicted of assault on a law enforcement officer, in violation

of Code § 18.2-57, and the eluding and leaving the scene offenses.  On appeal, she contends she was

improperly convicted of assault on a law enforcement officer because that offense is not a lesser-

included offense of attempted capital murder of a law enforcement officer.  She also argues the

evidence was insufficient to prove she left the scene of an accident.  For the reasons stated, we

reverse and dismiss the assault conviction and affirm the leaving the scene conviction.

BACKGROUND

Around 8:00 p.m. on May 4, 2001, Portsmouth Police Officer S.D. White saw a burgundy Pontiac, with "music . . . playing extremely loud," traveling without its headlights illuminated. Officer White activated his lights and siren, but the Pontiac did not stop.

Officer White continued to follow the vehicle, with his "wigwag headlights" activated and his siren going, for approximately one mile. The Pontiac was swerving from one lane to another. A passing car was forced off the road by the Pontiac. Eventually, the vehicle crossed the Churchland Bridge, "stopped suddenly," and "jumped the curb." The officer swerved slightly to avoid hitting the car and stopped his police unit "slightly beside [appellant's] vehicle."

Officer White, in uniform with his badge displayed, exited his vehicle. He walked up to the car, where appellant was seated in the driver's seat. Officer White reached through the driver's side window, telling appellant, "Turn off the car, turn off the car." The car was still running.

The officer described what happened next:

> I reached in, there was some yelling or something from inside the car and the car drove off. When the car drove off, it pinned my arm back behind the headrest and drug me towards the front of my car at that point.
>
> I was able to work myself free and I remember getting hit in the back with either a car or a mirror and the next thing I remember I was being loaded into an ambulance.

Officer Peter Sykes had arrived just before appellant stopped her car. He observed Officer White reach into appellant's vehicle, grab her arm, and attempt to extract her from the Pontiac. According to Officer Sykes, the vehicle then "began to proceed eastbound . . . leaving the curb, partially dragging Officer White towards his police vehicle. Officer White eventually let go of the driver's arm." Officer Sykes testified the Pontiac was "creeping off the curb" when appellant drove off with Officer White's arm in her car, traveling about five or six feet until Officer White "let go." The Pontiac then struck White's vehicle and another police car.

- 26 -

Officer Sykes followed the car approximately a hundred feet, where it jumped the curb, traveled across a lawn, and stopped. The officer placed appellant under arrest. Officer White was treated for his injuries.

At the conclusion of the Commonwealth's evidence, appellant moved to strike the evidence on the attempted capital murder count. After argument, the trial court sustained the motion. The Commonwealth then inquired if the court was "striking that down to possibly a lesser included offense?" The Commonwealth suggested assault on a law enforcement officer as a     lesser-included offense. Appellant argued the latter offense was not a lesser-included offense. The following exchange occurred:

> MR. MEDA [appellant's counsel]: Your Honor, I think under the Blockburger analysis for lesser included offenses, I don't think that meets the requirement. The attempted capital murder statute does not include the element of the defendant having reason to know the person was a law enforcement officer. Assault and battery on a police officer requires that --
>
> \* \* \* \* \* \* \*
>
> The elements of the statute of attempted capital murder do not include that as a requirement. The statute for assault and battery on a law enforcement officer requires the Commonwealth to prove as an element that the defendant had reason to know that the person assaulted is a law enforcement officer.

The Commonwealth's attorney responded to appellant's argument, contending an attempted capital murder indictment does require the Commonwealth prove that a defendant should have known the victim was a law enforcement officer. The entire focus of the argument to the trial court was whether the Commonwealth must prove the offender had reason to know the person was a law enforcement officer in order to prove attempted capital murder. The trial court ruled on this argument when it found assault on a law enforcement officer was a lesser-included offense of attempted capital murder.

ANALYSIS

A. Lesser-Included Offense

On appeal, appellant contends assault and battery of a law enforcement officer[3] is not a lesser-included offense of attempted capital murder because a battery is not an element of attempted capital murder. Appellant also argues the definitions of "law enforcement officer" contained in Code § 18.2-57 and Code § 18.2-31(6) differ, which precludes a finding that the assault on a law enforcement officer statute is a    lesser-included offense of attempted capital murder of a law enforcement officer. The Commonwealth concedes this second argument is correct.

However, the Commonwealth contends these arguments are procedurally defaulted under Rule 5A:18.[4] While we agree these issues were not preserved, under the ruling in Lowe v. Commonwealth, 33 Va. App. 583, 589, 535 S.E.2d 689, 691-92 (2000), if appellant was convicted of a charge for which she was not indicted and which is not a lesser-included offense of an indicted charge, then the issue can be raised at any time. See also Fontaine v. Commonwealth, 25 Va. App. 156, 165, 487 S.E.2d 241, 244 (1997). In effect, these decisions find that the issues raised by appellant involving lesser-included offense convictions are jurisdictional. See Nelson v. Warden of the Keen Mountain Corr. Ctr., 262 Va. 276, 281-82, 552

---

[3] Appellant was convicted of assault on a law enforcement officer, not assault and battery on a law enforcement officer.

[4] Rule 5A:18 states:

> No ruling of the trial court or the Virginia Workers' Compensation Commission will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice. A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to constitute a question to be ruled upon on appeal.

S.E.2d 73, 75-76 (2001) (explaining the difference between jurisdiction and the power to exercise that jurisdiction).

The Commonwealth argues that conviction of an offense which is not a lesser-included offense cannot create a jurisdictional issue and contends appellant's arguments are subject to the usual procedural requirements for consideration on appeal. The Commonwealth notes both Lowe, 33 Va. App. at 589, 535 S.E.2d at 692, and Fontaine, 25 Va. App. at 165, 487 S.E.2d at 245, allow waiver of this issue if a defendant acquiesces in the trial court's decision. However, the Commonwealth explains, jurisdictional issues cannot be waived, even with acquiescence. Nelson, 262 Va. at 281, 552 S.E.2d at 75 (noting jurisdictional issues cannot be waived).

The Commonwealth's argument is persuasive. However, we are bound under the principles of stare decisis to follow the explicit ruling in Lowe. Collins v. Commonwealth, 30 Va. App. 443, 449, 517 S.E.2d 277, 280 (1999). Therefore, Rule 5A:18 does not bar our review of this case.

The Commonwealth concedes assault on a law enforcement officer is not a lesser-included offense of attempted capital murder of a law enforcement officer. Thus, we reverse the trial court's finding and dismiss the assault conviction.

### B. Sufficiency

Appellant argues the evidence does not support the conviction for leaving the scene of an accident involving personal injury. She contends she did not deliberately drive away from the scene and, alternatively, she did not leave the scene.

When considering sufficiency issues, "we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). When the sufficiency of the evidence is challenged on appeal, "it is our duty to look to that evidence which tends to support the

- 29 -

verdict and to permit the verdict to stand unless plainly wrong." Snyder v. Commonwealth, 202 Va. 1009, 1016, 121 S.E.2d 452, 457 (1961). "The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." Martin, 4 Va. App. at 443, 358 S.E.2d at 418.

Code § 46.2-894 requires:

> The driver of any vehicle involved in an accident in which a person is killed or injured or in which an attended vehicle or other attended property is damaged shall immediately stop as close to the scene of the accident as possible without obstructing traffic, as provided in § 46.2-888, and report his name, address, driver's license number, and vehicle registration number forthwith to the State Police or local law-enforcement agency, to the person struck and injured if such person appears to be capable of understanding and retaining the information, or to the driver or some other occupant of the vehicle collided with or to the custodian of other damaged property.

Appellant cites Herchenbach v. Commonwealth, 185 Va. 217, 38 S.E.2d 328 (1946), as supporting her interpretation that the statute requires the Commonwealth prove an accused deliberately drove away from the scene of an accident. She then argues the evidence does not support an inference that she deliberately continued driving after she injured the officer.

Appellant's reliance on Herchenbach is misplaced. Herchenbach held the Commonwealth must prove an accused knew an accident had occurred, which is not appellant's argument. Id. at 220, 38 S.E.2d at 329. See also Cottee v. Commonwealth, 31 Va. App. 546, 558, 525 S.E.2d 25, 31 (2000); Johnson v. Commonwealth, 14 Va. App. 769, 771-72, 418 S.E.2d 729, 731 (1992). Herchenbach did note, however, "The duty imposed upon the driver of a vehicle involved in an accident is not passive. It requires positive, affirmative action; -- that is, to stop and give the aid and information specified." 185 Va. at 220, 38 S.E.2d at 329.

Code § 46.2-894 requires a driver "immediately stop" at an accident scene. This language plainly does not allow a person to continue driving until circumstances stop the vehicle. See Rasmussen v. Commonwealth, 31 Va. App. 233, 238, 522 S.E.2d 401, 403 (1999) (statutory language should be given its plain meaning). Even if, as appellant contends, she initially could not stop the vehicle because she was "yanked . . . off those brakes" by Officer White, she could have applied the brakes to stop the car once the officer had released her. She did not do this, but instead continued to drive the car until it hit two police vehicles and almost hit a house. This evidence is sufficient to prove appellant did not immediately stop as required by the statute.

Appellant also contends she did not leave the scene, contending the movement of her car did not take her away from the scene. She relies upon Smith v. Commonwealth, 32 Va. App. 228, 527 S.E.2d 456 (2000), to support this analysis. Again, her reliance is misplaced.

Smith addressed the meaning of "scene of the accident" in the context of Code § 19.2-81, the statute allowing an arrest without a warrant. Id. at 231, 527 S.E.2d at 458. Appellant is correct that this Court held Smith was at "the scene of any accident" when she was arrested, even though she stopped her car 100 yards away from the road sign she had struck. Id. However, in a footnote, this Court foresaw appellant's argument here:

> Appellant contends that the phrase, "the scene of any accident," in Code § 19.2-81 should be construed as co-extensive with the phrase, "the scene of the accident," in Code § 46.2-894, Virginia's "hit-and-run" statute. Because appellant's hit-and-run charge was disposed of by nolle prosequi and never considered by the court, we see no reason to analyze the meaning of the challenged phrase in the hit-and-run statute. We note, however, that the hit-and-run statute contains language significantly different from the statute under which appellant was convicted. Code § 46.2-894 requires a driver involved in an accident to "stop as close to the scene of the accident as possible without obstructing traffic," and the purpose of the statute is to "facilitate accident investigation and to preserve public order." Johnson v. Commonwealth, 14 Va. App. 769, 771, 418 S.E.2d 729, 731 (1992). Code § 19.2-81, by contrast, permits

an officer to make a warrantless arrest of a motor vehicle driver,
under certain conditions, "at the scene of any accident."

Id. at 234 n.2, 527 S.E.2d at 459-60 n.2.

We agree with the analysis in the footnote of Smith. By requiring a driver to stop immediately and as close to the "scene" as possible, Code § 46.2-894 distinguishes and limits the area labeled "the scene" in a manner that Code § 19.2-81 does not. The hit-and-run statute clearly requires drivers to stop as close to the accident, or point of impact, as safety will permit. Any other interpretation of the statute would make the word "immediately" meaningless and foil the intent of the statute. See Gray v. Graves Mountain Lodge, Inc., 26 Va. App. 350, 355-56, 494 S.E.2d 866, 869 (1998) (the courts should avoid interpretations that make words within a statute meaningless and ignore legislative intent).

The trial court found appellant "drove fifty to a hundred feet away" after injuring Officer White. The evidence supports that finding. After Officer White fell from her car, appellant hit two police cars and eventually stopped in the lawn of a private residence. Nothing in the record suggests that stopping in the lawn was an immediate stop or that the lawn was the first safe place to park the car.

CONCLUSION

We find appellant was improperly convicted of assault on a law enforcement officer, and we reverse and dismiss that conviction. However, we find the evidence was sufficient to convict appellant of leaving the scene of an accident involving personal injury, and we affirm that conviction.

Reversed and dismissed in part;
affirmed in part.